76  579.
85  687

GASSNER, Respondent, vs. MARQUARDT, Appellant.

*April 9 — April 29, 1890.*

*Replevin: Stolen property: Transfer to third person.*

After refusing to deliver to the owner a stolen horse which he had purchased from the thief, the defendant immediately transferred the horse to a third person who claimed to hold it for a reward offered for its recovery. *Held,* that an action of replevin commenced by the owner without notice of such transfer was not defeated thereby.

APPEAL from the Circuit Court for *Sauk* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

It appears from the record that on or about December 12, 1888, the mare in question was stolen from the plaintiff. He thereupon offered a reward of $25 to any one who would return the mare to him, or for information that should lead to her recovery, and double the sum for the thief. On or about December 17, 1888, the defendant purchased the mare from the supposed thief. On or about January 9, 1889, the plaintiff learned that the mare was in the possession of the defendant. He thereupon called upon the defendant, and claimed the mare as his, but the defendant refused to give her up. The plaintiff thereupon brought this action of replevin, in justice's court, for the mare. The defense alleged was to the effect that at the time the replevin suit was commenced the mare was not in the possession of the defendant, but was in the possession of one Gust, who claimed the right to hold the same for the reward so offered. On the trial in the justice's court, the plaintiff recovered judgment, from which the defendant appealed to the circuit court, and at the close of the trial thereof the jury returned the usual verdict in such cases, in favor of the plaintiff. From the judgment rendered upon such verdict the defendant appeals.

For the appellant there was a brief by *J. P. Wilson* and *Wm. Brown*, and oral argument by *Mr. Wilson*.

*R. D. Evans*, for the respondent.

CASSODAY, J. It appears from the undisputed evidence that the plaintiff was the owner of the mare, and that she had been stolen from him, as stated. This being so, the defendant acquired no title by his supposed purchase. The only color of defense is to the effect that the defendant had delivered the mare to one Gust, who claimed the right

to the reward offered, prior to the commencement of this action, and on the morning of the same day on which it was commenced. But there is plenty of evidence tending to prove what is partially admitted by the defendant, in effect, that on the evening before such delivery the plaintiff and two of his witnesses called upon the defendant, and found the mare in his barn, and then and there informed the defendant that the mare was his, and that she had been stolen from him, and demanded the possession of the same, which the defendant then and there refused to deliver up. The next morning the defendant took the mare to Baraboo, where he met Mr. Gust; and, upon being informed by him that the mare had been stolen, and that he claimed a reward for finding her, he at once put the mare in a place designated by Mr. Gust. That such disposition of the mare was a mere subterfuge to escape liability in an action is apparent from the fact that the defendant nowhere pretends to have informed Mr. Gust that the plaintiff had informed him the night before that the mare was his property and that she had been stolen.

The verdict in favor of the plaintiff is fully sustained by the evidence and the law applicable. There was no error in charging the jury, in effect, that if they found the plaintiff made such demand of the defendant, and then sued out his writ of replevin before he had any notice that the defendant had transferred, or pretended to transfer, such possession to Mr. Gust, then the action would not thereby be defeated. In other words, a person thus wrongfully refusing to deliver up possession of property to the owner on demand, cannot escape liability by wrongfully delivering such possession to a stranger who he knows, or has good reason to believe, has no authority to receive it.

Other exceptions in the case are not of such a nature as to require special consideration.

*By the Court.*— The judgment of the circuit court is affirmed.