# CASES DETERMINED

## *August Term, 1893.*

---

STARKE, Appellant, vs. PAINE, Assignee, Respondent.

*April 13 — September 26, 1893.*

*Replevin: Defendant not in possession: Mingling of property.*

1. Before making an assignment for the benefit of creditors a corporation had refused to accept or pay for lumber landed upon its docks, on the ground that it was not such as had been ordered. The assignee, though notified by the owner not to do so, scheduled the lumber as assets of the corporation, and afterwards refused to deliver it to the owner and sold it with property of the corporation. *Held*, that replevin in the *detinet* would lie against the assignee, although he had parted with the possession before the action was commenced.

2. The lumber having been mingled with other lumber in the yard of the corporation in such a way that it was difficult to ascertain what part of it came to the hands of the assignee, the owner was entitled to recover the full quantity, supplied, if necessary, by other lumber of the corporation with which it had been so mixed.

3. In the action against the assignee he was not entitled to any deduction from the verdict on account of advances made by the corporation on the lumber.

APPEAL from the Circuit Court for *Milwaukee* County. Replevin. The facts are stated in the opinion. The plaintiff appeals from a judgment dismissing the complaint.

For the appellant there was a brief by *Rietbrock & Halsey* and *J. C. McKenney*, and oral argument by *L. W. Halsey* and *J. C. McKenney*.

For the respondent there was a brief by *Turner & Timlin*, and oral argument by *W. H. Timlin.* They contended, *inter alia*, that the action is for unlawfully detaining the property. The affidavit for replevin and the complaint proceed solely upon this theory, while the evidence shows that the defendant had no actual or constructive possession of the property when the action was commenced, and consequently did not detain the same. The action could not, therefore, be maintained. *Willis v. De Witt*, 52 N. W. Rep. (S. Dak.), 1090; *Enos v. Bemis*, 61 Wis. 656; *Swain v. Roys*, 4 id. 150; *Krause v. Cutting*, 32 id. 689; *Keifer v. Carrier*, 53 id. 404; *Eldred v. Oconto Co.* 33 id. 133; *Beckwith v. Philleo*, 15 id. 223; *Timp v. Dockham*, 32 id. 146; *Johnson v. Garlick*, 25 id. 705; *Williams v. Morgan*, 50 id. 549; *Gallagher v. Bishop*, 15 id. 276; *Dudley v. Ross*, 27 id. 679; *Grace v. Mitchell*, 31 id. 533; *Douglass v. Garrett*, 5 id. 85; *Pranke v. Hermann*, 76 id. 428; *Ronge v. Dawson*, 9 id. 246; *Gildas v. Crosby*, 61 Mich. 413; *Davis v. Van de Mark*, 45 Kan. 130; *Hall v. White*, 106 Mass. 600; *Ames v. Miss. Boom Co.* 8 Minn. 470; *Haeger v. Marcus*, 5 Mo. App. 565; *Coffin v. Gephardt*, 18 Iowa, 257; *Meriden v. Whedon*, 31 Conn. 118; *Savage v. Perkins*, 11 How. Pr. 17. If the plaintiff can in any case by amendment at the trial change an action for unlawful detention of property into one for the unlawful taking thereof, he can only do so in a case where the proof shows an unlawful taking. *Ronge v. Dawson*, 9 Wis. 246.

The following opinion was filed May 2, 1893:

ORTON, J. The facts of this case are as follows: The Island Sash & Door Company was a corporation, and had a factory and yard in the city of Milwaukee for storing, manufacturing, and selling lumber. The plaintiff was engaged in manufacturing lumber in the state of Michigan. On December 16, 1890, said corporation gave an order on

the plaintiff, through his agents in Milwaukee, G. B. Van Pelt & Co., for a specified quantity and quality of lumber, to be delivered before the 15th day of June, 1891; and on said order the lumber described in the complaint was shipped and landed upon the docks of said corporation in two cargoes, on the 8th and 28th days of May, 1891, ready to be delivered to the corporation. The said corporation refused to accept or receive either of said cargoes, and claimed that the quality of the lumber was not according to said order, and they refused to pay for the same or have anything to do with it. Thereupon the agent of the plaintiff informed said company that the plaintiff would endeavor to find a purchaser for the lumber where it then was, but before he was able to do so the said corporation made an assignment of their property for the benefit of their creditors to the defendant, *Edward R. Paine.* The said corporation, just before making said assignment, asked the plaintiff for an invoice of said lumber, and the plaintiff refused it. The plaintiff thereupon, fearing that the corporation was about to include said lumber in said assignment, through his said agents warned the defendant as such assignee not to invoice or schedule the same as the property of the said corporation, and notified him that the plaintiff was the owner of it and that said corporation had refused to accept or receive it, and that he had not been paid for it. The defendant promised that he would not invoice the property if such was the case. After the plaintiff learned that the defendant as said assignee had received and invoiced it and claimed it as a part of the assets of said assignor, he demanded in writing that the defendant should deliver it up to him, and he refused to do so. The said lumber still remained on the dock and in the yard of the corporation at this time. Afterwards, on the 20th day of August, 1891, the defendant as such assignee sold and delivered said lumber to one R. G. Miller, together with all

the property of the corporation, except credits and choses in action. These facts were substantially proved on the trial.

The jury found a special verdict, in answer to the questions submitted to them by the court, of the following facts, to wit: The two cargoes of lumber described in the complaint were landed on the dock of said corporation, the first on the 8th and the other on the 28th of May, 1891. The corporation refused to accept or receive either of them. The agent of the plaintiff refused to furnish the corporation with an invoice of said cargoes a few days prior to said assignment. The corporation did not take and convert said cargoes or any part thereof to its own use prior to said assignment. The defendant as assignee took and appropriated said lumber as having passed to him under and by virtue of said assignment. The lumber of both cargoes, or the greater part thereof, came into the hands of the defendant as such assignee. The defendant as such assignee, on or about the 20th day of August, 1891, sold and delivered said lumber to one R. G. Miller. The defendant had in his possession at that time the whole, or very nearly the whole, of said lumber. The plaintiff demanded the return of said lumber from said assignee prior to said sale to the said Miller, and by his agent, immediately after said assignment, demanded and required of the defendant that said lumber should not be included in the inventory or schedule of property passing under said assignment. The value of the lumber described and claimed in the complaint which came into the hands of the defendant, at said time, was $2,859.51. The said corporation never accepted or received said lumber at any time. Many of these findings were directed by the court. There is no question but that the evidence sustains every one of these findings, and they certainly embrace every material issue in the case.

This action is replevin in the *detinet*. The circuit court,

after the return of such special verdict by the jury into
court, on motion of defendant's counsel set aside the same,
and rendered judgment in favor of the defendant, dismiss-
ing said complaint, for the reason stated in the preamble
of said order, that the court was convinced "that the de-
fendant did not unlawfully detain,the property at the time
the action was commenced, and did not wrongfully take
said property — no property having been seized on the
writ." From these peculiar reasons and the briefs of coun-
sel we conclude that the court did not so dispose of the
case on its merits, but on the technical ground that the ac-
tion would not lie against the defendant after he had sold
and delivered the property and was not in possession of it.
The plaintiff's counsel asked leave to amend the complaint
by averring the wrongful taking of the property by the
defendant, and it was refused. We do not think the court
could have possibly disposed of the case on the ground
that the plaintiff had not shown his right to recover in
some form of action, for it is certainly a very clear case
that both the corporation and its assignee attempted to
violate the plaintiff's right to his own property, and colluded
to defraud him of it without palliation or excuse.

It seems to us that the plaintiff was entitled to recover
in the action brought. The defendant having sold the prop-
erty before the action was commenced and not then having
it in his possession, will not defeat the action of replevin in
the *cepit* or *detinet*. The action in the *cepit* will lie after
the defendant has parted with the possession of the prop-
erty. *Pranke v. Herman*, 76 Wis. 428. And in such case
the plaintiff may waive the wrongful taking and sue for the
unlawful detention. *Oleson v. Merrill*, 20 Wis. 462. In
that case it is also held that the plaintiff may show a
wrongful taking, a demand and refusal, or any act amount-
ing to conversion and a wrongful taking may be shown in
place of a demand and refusal. *Gassner v. Marquardt*, 76

Wis. 579, is in point with this case. It is replevin in a jus-
tice's court, and the defendant answered that when the ac-
tion was commenced he was not in possession of the prop-
erty. The plaintiff recovered, and on appeal to the circuit
court also, and this court affirmed the judgment. The de-
fendant parted with the possession after demand and refusal,
and before the action was commenced. Mr. Justice CAS-
SODAY said in the opinion: "A person thus wrongfully re-
fusing to deliver up possession of property to the owner on
demand cannot escape liability by wrongfully delivering
such possession to a stranger, who he knows, or has good
reason to believe, has no authority to receive it." The
plea of *non detinet* puts in issue both the *taking* and deten-
tion. *Emmons v. Dowe*, 2 Wis. 322; *Ronge v. Dawson*, 9
Wis. 246. In *Lee v. Simmons*, 65 Wis. 523, there was sim-
ilar fraudulent collusion between the assignor and assignee,
and the plaintiff recovered against the assignee in replevin
in the *detinet*. In this case the corporation that ordered
the property and its assignee colluded to defraud the plaint-
iff of his property, and the assignee after being warned and
notified not to take said property or schedule it under the
assignment, and after another demand of it, fraudulently
sold it and parted with its possession, and he cannot set up
such a fraudulent sale in defense of an action of replevin in
the *detinet*. *Barnett v. Selling*, 70 N. Y. 492; *Nichols v.
Michael*, 23 N. Y. 264. The action will lie against one who
never had any possession except to order the sheriff to
wrongfully levy upon the property. *Knapp v. Smith*, 27
N. Y. 277, and *Allen v. Crary*, 10 Wend. 349. Replevin in
the *detinet* will lie against one who has wrongfully trans-
ferred the property to another. *Nichols v. Pinner*, 18 N.
Y. 295, 315. The action will lie against one who has parted
with the possession to another. *Ellis v. Lersner*, 48 Barb.
539, and *Brockway v. Burnap*, 16 Barb. 309. The cases
are numerous where the action can be maintained if the de-

fendant had possession of the property when the demand was made, and afterwards wrongfully parted with the possession before the action was commenced. But it is sufficient that it has been so held by this court, as shown above. There is no question but that this action was properly brought for a recovery in this case on the evidence and verdict of the jury, without any amendment of the complaint.

Some objection is made that the lumber was scattered about the yard of the corporation, and mingled with other lumber in such way as to make it difficult to ascertain what part of it came to the hands of the defendant as assignee. In such case the plaintiff would be entitled to recover the full quantity of his lumber, supplied, if necessary, by other lumber of the corporation with which it had been so mixed or confused. *Eldred v. Oconto Co.* 33 Wis. 133; *Jenkins v. Steanka*, 19 Wis. 126.

It may be well to speak of it, although the fact is not mentioned in the pleadings or noticed on the trial, that the said corporation of the Island Sash & Door Company advanced on the two cargoes of lumber about $410. The defendant does not claim and cannot ask any deduction from the verdict on this account. If the action was against the corporation it might be different. The lumber not having been seized or found by the officer, the plaintiff is entitled under the statute to recover the full value thereof, with interest from the time of the demand and refusal to deliver it.

We are not aware of any decision of this court not in harmony with the above cases and conclusions. It is idle to contend that there was a *delivery* of the lumber, and that the title to it passed to the sash and door company, in the face of its persistent refusal to accept and receive it. Its willingness to accept it without payment or security, when it found itself insolvent and was about to make an assign-

ment, can have no other effect than as additional evidence of its intent to defraud the plaintiff of his property. There was some conflict in the testimony, but the jury had the right to believe the testimony of the plaintiff and his witnesses as against the conflicting testimony of the defendant's witnesses, and evidently did believe it. The testimony for the plaintiff was the more reasonable, in view of the circumstances of the case and the conduct of the parties. The special verdict of the jury on the facts was sufficient, without any general verdict for the plaintiff, to authorize the court to find the proper conclusions of law in favor of the plaintiff,— that the plaintiff is the owner of the property, and that the defendant wrongfully and unjustly detains it, and its value, and that the plaintiff recover such value, with interest from the time of the demand.

*By the Court.*— The judgment of the circuit court, including the order setting aside the verdict, is reversed, and the cause remanded with direction to make the proper findings of the issues and conclusions of law, and render judgment in favor of the plaintiff on the special verdict of the jury. Or the circuit court may, if it deems it proper to do so, in its discretion, grant a new trial in the action.

A motion for a rehearing was denied September 26, 1893.