Matthews, Assignee, Appellant, vs. Ott and another, Respondents.

*March 19 — April 10, 1894.*

*Voluntary assignment: Replevin.*

Property in the hands of an assignee under a valid assignment for the benefit of creditors is not *in custodia legis,* and replevin may be maintained therefor.

APPEAL from the Circuit Court for *Milwaukee* County. On November 6, 1893, James Morgan & Co., and James Morgan and Thomas Morgan individually, made an assignment for the benefit of their creditors to *Quincy A. Matthews,* the appellant. On that day the sheriff of Milwaukee county had possession of the assigned property under executions against the assignors. While the sheriff so held the property the defendant *Ott,* as coroner, took a part of such property from the sheriff upon a writ of replevin in favor of the other defendant. Afterwards, by direction of the court, the sheriff delivered all the assigned property which then remained in his hands to the assignee. Then the assignee moved for an order directing the coroner and the plaintiff in the replevin action to surrender the goods replevied to the assignee. This appeal is from an order denying that motion.

For the appellant the cause was submitted on the brief of *N. S. Murphey.* He cited *Hamilton-Brown Shoe Co. v. Mercer,* 84 Iowa, 537; *Second Nat. Bank v. Schranck,* 43 Minn. 38; *Hanchett v. Waterbury,* 115 Ill. 220; *Long v. Girdwood,* 150 Pa. St. 413; *Hamilton-Brown Shoe Co. v. Adams,* 5 Wash. 333; *Mansfield v. First Nat. Bank,* id. 665; *Roby v. Meyer,* 84 Tex. 386; *Scott v. McDaniel,* 67 id. 315; *P. Cox Mfg. Co. v. August,* 51 Kan. 59; *Waples-Platter Co. v. Low,* 54 Fed. Rep. 93–98; *Wilson v. Aaron,* 132 Ill. 238; *Clark v. Stanton,* 24 Minn. 232; *Kingman v. Bar-*

*ton*, id. 295; *In re Mann*, 32 id. 60; *Root v. Potter*, 59 Mich. 498; *Farrell F. & M. Co. v. Preston Nat. Bank*, 93 id. 582; *Scott v. Chambers*, 62 id. 532; *Pillsbury v. Kingon*, 33 N. J. Eq. 287–298; *Taylor v. Bruner*, 130 Ind. 482.

For the respondents the cause was submitted on the brief of *W. J. McElroy.* He cited Wait, Fraud. Conv. sec. 316; Cobbey, Replevin, sec. 290; *Lehman v. Rosengarten*, 23 Fed. Rep. 642; *Koch v. Lyon*, 82 Mich. 513; *Edwards v. Symons*, 65 id. 348; *Sawyer v. McAdie*, 70 id. 336; *Morris v. Wells*, 7 N. Y. Supp. 61; *Corn Exchange Bank v. Blye*, 101 N. Y. 303; *Underhill v. Ramsey*, 2 N. Y. Supp. 451; *Collins v. Houston*, 138 Pa. St. 481; *Leighton v. Harwood*, 111 Mass. 67; *Hills v. Parker*, id. 508; *Millhiser v. Erdman*, 98 N. C. 292; *Wallace, Elliott & Co. v. Cohen*, 111 id. 103; *Farley v. Lincoln*, 51 N. H. 577; *Load v. Green*, 15 Mees. & W. 216; *Gilbert v. McCorkle*, 110 Ind. 215; *Martz v. Putnam*, 117 id. 392; *Dascey v. Harris*, 65 Cal. 357; *Poor v. Woodburn*, 25 Vt. 240; *Starke v. Paine*, 85 Wis. 633; *Lee v. Simmons*, 65 id. 523; *Singer v. Schilling*, 74 id. 369.

NEWMAN, J. It is agreed that the question in this case is whether an action of replevin can be maintained against an assignee for the benefit of creditors for property in his possession, claimed by him under a valid assignment. The contention turns upon the point whether the possession of the assignee is the custody of the law — in law Latin, *custodia legis.*

Many cases having more or less bearing upon the question are cited on either side. But, really, it is not an open question in this state. Such actions have been countenanced and sustained by this court. *Lee v. Simmons*, 65 Wis. 523; *Singer v. Schilling*, 74 Wis. 369; and *Starke v. Paine*, 85 Wis. 633,— were such actions.

The question is not difficult, on principle and reason.

The argument is this: The assignment gives the assignee no better title than his assignor had. The assignee's custody of property to which his assignor had no title is wrongful, as against the lawful owner. Such a wrongful custody could never be a legal custody,— could never be *custodia legis*. The conclusion is that any person other than the assignor may lawfully try titles with the assignee in an action of replevin. The rule is, even where property is in the actual custody of the law, as in the hands of an officer on execution or attachment, that any person, other than the defendant in the execution or the attachment, may maintain an action of replevin against the officer. 20 Am. & Eng. Ency. of Law, 1064.

*By the Court.*— The order of the circuit court is affirmed.