PICKHAM v. WHEELER–BLISS MANUF'G CO.

(Circuit Court of Appeals, Seventh Circuit. January 4, 1897.)

No. 312.

1. FEDERAL COURTS—JURISDICTIONAL AMOUNT—RECOUPMENT.

When the plaintiff's declaration, in an action in the circuit court, shows a balance due of over $2,000, there is no lack or loss of jurisdiction by reason of the reduction of the recovery below $2,000 by a counterclaim for recoupment, of which, beyond a sum which would not reduce his claim to $2,000, it does not appear that the plaintiff had knowledge, before bringing suit.

2. APPEAL—SPECIFICATIONS OF ERROR—WAIVER.

Specifications of error which, though quoted in the brief, are not therein supported by argument or citation, or even a suggestion to point out the question intended to be raised, must be regarded as waived, even if they have been noticed on the argument.

. SAME—SPECIFICATIONS OF ERROR.

An exception and specification of error directed to a portion of a charge to a jury containing several propositions, some of which are favorable to the exceptant, are not available to raise the question of error in such charge.

In Error to the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

This was an action by the Wheeler-Bliss Manufacturing Company against Thomas F. Pickham. The plaintiff obtained a verdict for $1,500, and a motion for a new trial was denied. 69 Fed. 419. Defendant brings error.

A. C. Story, for plaintiff in error.

James M. Flower, Frank J. Smith, and Harrison Musgrave, for defendant in error.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge. The action was in assumpsit for goods sold and delivered, and judgment was given for the plaintiff, the defendant in error, against the plaintiff in error, for less than $2,000. Of the errors assigned the only one supported in the brief by argument or by a citation of authorities is that the court was without jurisdiction of the cause, or, as it is stated in the brief, "that the court erred in retaining jurisdiction of the case after it had become manifest that the extreme limit of the claim of the plaintiff was less than two thousand dollars." It is a sufficient answer that the declaration alleged, and the accompanying statement of the account showed, a balance due of $2,610, and that the recovery was for a less sum only by reason of the counterclaim set up for recoupment, of which, beyond the sum of $400, it does not appear that the complainant had knowledge before bringing the action. There was therefore no lack or loss of jurisdiction. Hilton v. Dickinson, 108 U. S. 165, 2 Sup. Ct. 424. There is nothing to the contrary in Bowman v. Railway Co., 115 U. S. 611, 6 Sup. Ct. 192, and Carne v. Russ, 152 U. S. 250, 14 Sup. Ct. 578.

Under the second head of the brief for the plaintiff in error the general proposition is urged that the defendant was entitled to re-

coup not merely what he lost on goods bought of the plaintiff, but for the destruction of his market and the loss of his business by reason of the failure of the plaintiff to make good his guaranty to the defendant of an exclusive market in Chicago for the article sold by the plaintiff to the defendant, but there is no reference to any specification of error, and we find none, under which the question arises.

Under the third and fourth heads of the brief are quoted, but without references to the pages of the record where the rulings are shown, specifications of error upon the exclusion of testimony, and upon the giving and refusing of instructions to the jury, but as none of them is supported by argument or citation, or even by a suggestion to enable the court to apprehend the exact question intended to be presented, they must be regarded as waived. There may have been suggestions in support of some of these specifications at the hearing, but it cannot be permitted to the appellant, as a matter of right, to bring forward in the oral argument questions not presented in the brief, and which by reason of the failure to argue them in the brief the other party was entitled to consider waived. But, while not required to go into such questions, we have examined the record sufficiently to be convinced that no essential wrong, to the prejudice of the plaintiff in error, was committed.

The main question argued is whether, by that part of the court's charge set out in the fifteenth specification of error, the jury in estimating the damages was restricted to the consideration of articles which remained on hand unsold, and forbidden to include injury suffered in respect to articles which by reason of competition the plaintiff was forced to sell at reduced prices. In this particular the charge, as it appears in the record, is obscure and not quite intelligible; but, if erroneous, the exception and the specification of error are not available, because the portion of the charge set out contains a number of separate propositions, one of which is distinctly favorable to the plaintiff in error. There should have been included in the exception and in the specification of error only the part of the charge—the particular proposition—to which it was intended to object. In the respect complained of it may be observed that the instruction is perhaps good so far as it goes, and the rule therefore applicable that if further instruction was desired it should have been asked. The judgment is affirmed.