JONES v. McCORMICK HARVESTING MACH. CO.

(Circuit Court of Appeals, Seventh Circuit. July 17, 1897.)

No. 386.

1. JURISDICTION—AMOUNT IN CONTROVERSY.
   Jurisdiction of an action for conversion is not lost by reason of the finding that the goods were worth less than the jurisdictional amount, where there is no reason to believe that the value was overstated in the declaration for the purpose of conferring jurisdiction.

2. CONVERSION—ASSIGNMENT FOR CREDITORS.
   An action for conversion is maintainable though the defendant came into possession and disposed of the property as an assignee for the benefit of creditors under the Wisconsin statute, as property in the hands of an assignee under that statute is not in the custody of the law or of a court.

3. SAME—APPEAL—SCOPE OF REVIEW.
   Questions involving an inquiry into the correctness of the finding of facts cannot be considered on writ of error.

In Error to the Circuit Court of the United States for the Eastern District of Wisconsin.

J. E. Malone, for plaintiff in error.
T. W. Spence, for defendant in error.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge. The plaintiff in error was the defendant below. The action was for the conversion of goods alleged to have been of the value of $2,500. There was a written waiver of trial by jury, and the court, upon a special finding of the facts, gave judgment for the plaintiff for a sum less than $2,000.

Jurisdiction of the case was not lost by reason of the finding that the goods converted were worth less than the jurisdictional amount, since it does not appear, nor is there shown reason to believe, that the value was overstated in the declaration for the purpose of conferring

jurisdiction. Pickham v. Manufacturing Co., 23 C. C. A. 391, 77 Fed. 663.

The objection that the action was not maintainable because the defendant had come into possession and had disposed of the property as an assignee, by virtue of an assignment for the benefit of creditors under the statute of the state of Wisconsin, is not well taken, and would not have been even if the action had been in replevin. Property in the hands of an assignee for the benefit of creditors under the Wisconsin statute is not in the custody of the law or of a court. Matthews v. Ott, 87 Wis. 399, 58 N. W. 774.

Other questions urged upon our attention cannot be considered, because they involve inquiry into the correctness in certain particulars of the finding of facts. The decisions upon the point by this court, commencing with Jenk's Adm'r v. Stapp, 9 U. S. App. 34, 3 C. C. A. 244, and 52 Fed. 641, are numerous.

The judgment below is affirmed.