UNG LUNG CHUNG et al. v. HOLMES.

(Circuit Court, D. Oregon. December 22, 1899.)

No. 2,556.

1. CONTRACT—CONSTRUCTION.

   Plaintiffs leased certain hop yards from defendant, which they agreed to cultivate for a share of the crop. The contract provided that, if the market price should be 8 cents per pound or over, and not more than 14 cents, plaintiffs should receive three-fourths of the proceeds, and, if over 14 cents, they should receive two-thirds. At the same time a contract was made by which a certain quantity of the crop was sold to a third party for 10 cents per pound. *Held*, that such contract determined the proportion to be received by plaintiffs as to the quantity sold, regardless of the market price.

2. JURISDICTION OF FEDERAL COURTS—AMOUNT IN CONTROVERSY—HOW DETERMINED.

   The amount in controversy for jurisdictional purposes is the sum claimed by plaintiff in his complaint in good faith, where he is entitled to recover such sum, provided the evidence sustains his allegations, and the court is not deprived of jurisdiction because his own evidence may not entitle him to recover the jurisdictional amount, where it is not of a character to impeach the good faith of his claim.[1]

On Motion for New Trial.

Woodward & Palmer, for plaintiffs.
Richard Williams, for defendant.

GILBERT, Circuit Judge. This cause was tried before a jury, who found a verdict for $1,549.96 for the plaintiffs, upon which judgment was rendered. The defendant now urges as grounds for a new trial that the court erred in construing the contract which was sued upon, and that the cause was one which did not involve a controversy concerning an amount sufficient to confer jurisdiction upon the court. The contract sued upon was one whereby the defendant leased to the

---

[1] Jurisdiction of circuit courts as determined by the amount in controversy, see note to Auer v. Lombard, 19 C. C. A. 75, and, supplementary thereto, note to Shoe Co. v. Roper, 36 C. C. A. 459.

plaintiffs certain hop yards, to be by them cultivated, for which they were to receive compensation out of the product which they raised. It was stipulated that the plaintiffs should receive all the hops in the event that the market price thereof was less than 6 cents per pound; if the market price was 6 cents or over and under 8 cents, they were to receive five-sixths of the hops; if 8 cents and over and under 14, they were to receive three-fourths of the hops; if 14 or over, they were to receive two-thirds of the proceeds of the hops. The contract contained a reference to another contract, which was entered into at the same time, between the plaintiffs and the defendant on the one part and Lilienthal Bros. upon the other, and declared that the said last-mentioned contract should be carried out according to its terms. That was a contract whereby Lilienthal Bros. agreed to purchase 37,500 pounds of the hops which the plaintiffs might raise on said leased premises, and pay for the same the sum of 10 cents per pound. It was proven on the trial that at the time when the plaintiffs had raised the hops, and had the same cured and ready for delivery under this contract, the market value was about 15 cents per pound. The question arose whether the plaintiffs were entitled to receive as their share three-fourths of the hops upon the basis of a market price of 10 cents per pound, or whether they were entitled to only two-thirds of the price which they were sold for, under the provision in the contract that, if the market price was 14 cents and over, that should be their proportion of the proceeds. The court ruled that, inasmuch as the contract with Lilienthal Bros. was entered into at the same time with the contract between the plaintiffs and the defendant, it became a part of the original agreement, and that thereby the price of 10 cents per pound for 37,500 pounds of the hops to be raised was fixed and made specific, and that that provision controlled the more general provisions of the agreement. No error is now perceived in that ruling. The principal question presented is that of the jurisdiction of the court. The amount sued for in the complaint was $2,363.52. The plaintiffs alleged that they were entitled to $2,812, which was three-fourths of the price obtained for the 37,500 pounds of hops; that of the remainder of the hops raised the defendant sold 18,791 pounds at 21 cents, realizing therefor $3,946.11, two-thirds of which, amounting to $2,630.74, belonged to the plaintiffs; and that the plaintiffs had been paid only the sum of $3,079.72. The defendant, in his answer denied that the current price of the 18,791 pounds of hops was any greater sum than 15 cents. On the trial the defendant testified that he had sold the 18,791 pounds in England at a gross price of 19¼ cents per pound, against which there were charges for freight, insurance, commission, etc., amounting to $660.89. This testimony was elicited by the plaintiffs, and was all their evidence upon that point. It was not denied that the sale of the hops was conducted by the defendant, and that the return thereof was made to him, and that no return or any information whatever had been given to the plaintiffs of the price received. If there had been no countercharges to the gross sum for which the hops were sold in England, the plaintiffs would have been entitled to a judgment on the evidence for $2,210.85. The defendant contends that the plaintiffs, upon their own evidence,

proved that the amount in controversy was less than $2,000, that there was no conflicting evidence upon that subject, and that, therefore, under the authority of Barry v. Edmunds, 116 U. S. 550, 6 Sup. Ct. 501, 29 L. Ed. 729, and Wilson v. Daniel, 3 Dall. 401, the court was without jurisdiction to further proceed with the hearing; that in an action ex contractu it is the plaintiff's legal cause of action as shown by the evidence that determines the question of the jurisdiction, or, in other words, that, if the evidence offered on the trial in such an action proves that the plaintiff is entitled to recover less than the jurisdictional amount, the court thereby becomes divested of its jurisdiction. The authorities do not sustain this contention. It is held that the true test is whether or not the plaintiff has in good faith stated a cause of action which is within the jurisdiction of the court. In Black, Dill. Rem. Causes, § 52, it is said:

"The amount in controversy is the sum thus claimed by the plaintiff in good faith, without regard to the fact that some of his counts or causes of action may prove to be invalid, or merely formal (provided they are not obviously fictitious or exaggerated), or that he may not be able, on the trial, to prove so much as he claims, or that the amount actually at issue cannot be ascertained until the evidence is in."

In the present case there is nothing to indicate the absence of good faith upon the part of the plaintiffs in claiming that the amount due them exceeded $2,000. They had nothing to do with the sale of the hops in England. In drawing their complaint, they seem to have been guided by the market price of hops at the time when the sale was supposed to have been made. The defendant had afforded them no information of the sale. In his answer filed on June 12, 1899, he denied that he had made the sale. The evidence was that the hops had been sold on April 8, 1899, although there was no evidence that the defendant had received returns of the same until after the date when he made his answer. The plaintiffs could have known nothing of the charges for costs, insurance, and commissions which so largely reduced the net result. The defendant made no effort to show that the plaintiffs knew of these countercharges, and made no attempt to impugn the bona fides of the plaintiffs in laying their demand as stated in the complaint.

In Schunk v. Moline Milburn & Stoddard Co., 147 U. S. 500, 13 Sup. Ct. 416, 37 L. Ed. 255, an action was brought in the circuit court on two notes amounting in the aggregate to over $2,000, of which $1,664.04 was not then due. The action was commenced by attachment, which the plaintiff contended was authorized by a local statute for a debt not yet due. The circuit court sustained the plaintiff's contention, and entertained jurisdiction of the cause. The supreme court affirmed the ruling of the circuit court, and in the course of the opinion used the following argument:

"Suppose there were no statute in Nebraska like that referred to, and the plaintiff filed a petition exactly like the one before us, excepting that no attachment was asked for, and the right to recover anything was challenged by demurrer, would not the matter in dispute be the amount claimed in the petition? Although there might be a perfect defense to the suit for at least the amount not yet due, yet the fact of a defense—and a good defense, too—would not affect the question as to what was the amount in dispute."

In Shoe Co. v. Roper, 94 Fed. 739, the circuit court of appeals for the Fifth circuit held that, where an action is based on several accounts, the amount of the accounts in the aggregate is the amount in dispute, and when it exceeds $2,000 the court is not deprived of jurisdiction, if it is shown that one of the accounts in fact was never assigned to the plaintiff, thereby reducing the amount remaining below the jurisdictional limit. The court said:

"The fact that some defense may be made, or is, in fact, made, which will make the recovery fall below the jurisdictional amount, does not defeat the jurisdiction of the court."

In Peeler's Adm'x v. Lathrop, 1 C. C. A. 93, 48 Fed. 780, the same court said that "the matter in controversy, which determines the jurisdiction of the circuit court in suits for the recovery of money only, is the amount demanded by the plaintiff in good faith." This was said in a case in which the amount claimed by the complainant was $4,900, but in which it had been shown "that the complainant had only been able to prove up about $1,200."

In Pickham v. Manufacturing Co., 23 C. C. A. 391, 77 Fed. 663, the court disposed of the objection to the jurisdiction in these words:

"It is a sufficient answer that the declaration alleged, and the accompanying statement of the account showed, a balance due of $2,610, and that the recovery was for a less sum only by reason of the counterclaim set up for recoupment, of which, beyond the sum of $400, it does not appear that the complainant had knowledge before bringing the action."

In Riggs v. Clark, 18 C. C. A. 242, 71 Fed. 560, the jurisdiction was challenged on the ground that by the stipulation of the parties made before the hearing, and for the purposes thereof, it appeared that less than $2,000 was in controversy. The court said:

"Nor is the jurisdiction defeated upon its subsequently appearing upon the trial, or by the complainant's concession, that she was not entitled to so much as was claimed."

In Jones v. Machine Co., 27 C. C. A. 133, 82 Fed. 295, the court said:

"Jurisdiction of the case was not lost by reason of the finding that the goods converted were worth less than the jurisdictional amount, since it does not appear, nor is there shown reason to believe, that the value was overstated in the declaration for the purpose of conferring jurisdiction."

The decisions above quoted are not in conflict with Barry v. Edmunds or Wilson v. Daniel. The language in the latter case that, "where the law gives no rule, the demand of the plaintiff must furnish one, but, where the law gives the rule, the legal cause of action, and not the plaintiff's demand, must be regarded," was used in reference to the cause of action as made in the declaration, and not to that which was evidenced on the trial. The motion for a new trial will be denied.