GENERAL MOTORS ACCEPTANCE CORPORATION, Respondent, vs. STOCK, Appellant.

*October 11—November 7, 1928.*

For the appellant there was a brief by *Sutherland, Hughes & Sutherland,* and oral argument by *F. C. Quilty,* all of Fond du Lac.

For the respondent there was a brief by *Adolph I. Mandelker,* attorney, and *James E. McCarthy,* of counsel, both of Milwaukee, and oral argument by *Mr. McCarthy.*

STEVENS, J. Replevin "is a possessory action, the gist of which is the right of possession in the plaintiff and the wrongful seizure and detention by defendants." *Commercial Inv. Trust v. Wm. Frankfurth H. Co.* 179 Wis. 21, 26, 190 N. W. 1004. A defendant in replevin may defeat recovery by proof that the right to possession is in a third person, not a party to the action. *Stern v. Riches,* 111 Wis. 589, 591, 87 N. W. 554.

A well established exception to this general rule is that a defendant cannot defeat recovery in a replevin action by delivering possession of the property to a third person in fraud of the rights of one who is entitled to the possession thereof. *Starke v. Paine,* 85 Wis. 633, 638, 55 N. W. 185; *Gassner v. Marquardt,* 76 Wis. 579, 581, 45 N. W. 674. Here both the employer and the defendant had either actual or constructive notice of the fact that the conditional sales contract gave the plaintiff the right to take immediate possession of the automobile upon default in any payment due under this contract. There was no change in the physical possession of the machine. The employer did not seek to intervene or to assert its rights in this action.

Had the defendant sought to set up the rights of his employer as a mere subterfuge to escape liability under the contract, we might expect to find just such a record as that presented here. If he did attempt to make a transfer of the automobile to his employer, he was guilty of an attempt to defraud the plaintiff with full knowledge of its right to the possession of the automobile because of his default in making payments upon the contract. A transfer made under such circumstances ought not to and will not prevent recovery by the plaintiff.

*By the Court.*—Judgment affirmed.