### SOUTHERN RAIL & EQUIPMENT CO. v. MIDWEST MFG. & PLATING CO.
#### No. 9868.

United States Court of Appeals
Seventh Circuit.

Nov. 17, 1949.

---

10. Rubenstein v. Nourse, 8 Cir., 70 F.2d 482.

11. Pfister v. Northern Illinois Finance Corp., 317 U.S. 144, 63 S.Ct. 133, 87 L.Ed. 146.

Samuel S. Cohon, Irving Goldstein, Chicago, Ill., for appellant.

Harold F. Ronin, Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and DUFFY and LINDLEY, Circuit Judges.

DUFFY, Circuit Judge.

The principal matter here for consideration is the appeal from a summary judgment in favor of the plaintiff.

In its amended complaint plaintiff alleged diversity of citizenship, and that the amount in controversy, exclusive of interest and costs, exceeded $3,000. Plaintiff then alleged a contract between plaintiff and defendant for the sale of 19,864 pounds of aluminum, the delivery of same to defendant, the subsequent cancellation of said contract, and the agreement of plaintiff and defendant to permit the aluminum to remain ·on the premises of defendant subject to orders for disposition to be issued by the plaintiff. The complaint then alleged that, after sale of 5,500 pounds thereof to· Diamond Steel Company at plaintiff's request, the defendant without plaintiff's consent wrongfully and .tortiously converted to .its own use and property the balance of 14;-364 pounds of aluminum of the' value of $4,266.10, for which amount judgment was prayed.

Defendant answered denying the amount in controversy exceeded $3,000, and admitting the allegations of the complaint as to the sale and delivery of the aluminum by plaintiff to defendant, the subsequent cancellation of said contract, and the agreement to permit the storage of the aluminum on defendant's premises. The answer alleged further that the aluminum was corroded and spotted, and that at plaintiff's request defendant used 320 pounds thereof in experiments for the purpose of remedying the defects in the material; that plaintiff had requested defendant to seek a purchaser, and that subsequent to the previous sale of 5,500 pounds plaintiff requested defendant to sell and dispose of the aluminum at ; the ·best price possible, and that defendant did· sell 14,044 pounds remaining in its hands. for 10¢ a pound, but that the purchaser refused to pay for same because of the defective condition of the aluminum. Defendant also interposed a counterclaim, claiming it had advanced $264 for freight charges for· the plaintiff and that the fair and reasonable value of the storage space and handling charges was $600, and demanding judgment for a total of· $864. Plaintiff interposed what it designated· as "Reply of plaintiff to answer of defendant," wherein plaintiff denied that the aluminum was defective, denied that plaintiff requested defendant to seek a purchaser for the aluminum, denied the allegations of the answer as to the use of 320 pounds of aluminum for experiment, alleged that the allegations in Paragraph 4 of the answer as to defendant's liability are argumentative and conclusions of the pleader and that the contract between plaintiff and the defendant

392

was cancelled and its terms no longer binding on the plaintiff, and that plaintiff's damages were not limited to 17¢ a pound, which was the price fixed in the original order. Denial was also made that plaintiff requested defendant for and upon behalf of plaintiff to sell and dispose of aluminum at the best price possible, and that defendant did sell 14,044 pounds for 10¢ a pound. Plaintiff also filed a pleading designated "Answer of plaintiff to counterclaim of defendant," wherein plaintiff, as counter-defendant, realleged the allegations of the amended complaint and denied the allegations of the counterclaim.

Thereafter plaintiff filed a motion for summary judgment in the sum of $4,366.10. This amount is $100 more than was demanded in the amended complaint. Apparently plaintiff was proceeding on the theory that the 14,364 pounds of aluminum at the time of the alleged conversion were worth 29.7¢ per pound, as it attached to its motion papers an exhibit alleged to be a copy of a purchase order for said aluminum at a price of 29.7¢ a pound from the Virginia Lincoln Company. Also accompanying the motion for summary judgment was the affidavit of Max Kesselman, president and general manager of plaintiff, and two exhibits alleged to be copies of letters from Joseph Seranella, president and general manager of defendant, also copies of letters from plaintiff to defendant and an affidavit of the president of the Diamond Steel Company to the effect that the 5,500 pounds of aluminum purchased by his company from plaintiff was in good condition.

In opposing the motion for summary judgment defendant filed the affidavit of Joseph Seranella which, in addition to covering matters set forth in defendant's answer and counterclaim, alleged that certain telephone conversations were held between him and Kesselman, in which he allegedly received instructions to sell the balance of the aluminum at the best price possible, and that acting on said instructions said aluminum was sold for 10¢ a pound. Seranella reiterated that the aluminum received from plaintiff was corroded, spotted, and unfit for the purposes intended. This affidavit was accompanied by three exhibits purporting to be copies of letters from defendant to plaintiff.

After hearing arguments the court granted plaintiff's motion for summary judgment, and entered judgment for $2,-387.48, plus interest of $283.75, and costs of $17.36, in all $2,668.69. Although no explanation appears in the record as to the basis for the amount of damages allowed, as a mathematical calculation it would appear that the court valued the aluminum at 17¢ a pound and did not charge the defendant for the 320 pounds it alleged it had used for experimental purposes.

As no disposition had been made of the counterclaim the defendant served notice that it would move the court for hearing on said counterclaim, and that a date for the trial thereof be fixed. After several adjournments the court entered an order as follows: "This cause coming on to be heard on Defendant's Motion to Stay the Execution upon a judgment heretofore entered in favor of Plaintiff, the Court having listened to argument of Counsel and having examined memorandum submitted by Counsel for both parties, finds that Defendant has sustained damage in the amount of $264.00; * * *" Judgment was thereupon entered in that sum in favor of the defendant and against the plaintiff. The appeal taken by the defendant is from the judgment on the counterclaim as well as the summary judgment.

In view of the manner of designation of the various pleadings herein, we deem it advisable at the outset to invite attention to Rule 7(a), Federal Rule of Civil Procedure, 28 U.S.C.A.: "There shall be a complaint and an answer; and there shall be a reply to a counterclaim denominated as such; * * *. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer." Here there was a "Reply of plaintiff to answer of defendant," apparently without leave of court, and the answer to the counterclaim should have been designated a "Reply." However, as no motion with reference to pleadings was made, and the district court considered all of the pleadings irre-

spective of the manner of designation, we shall do likewise.

Defendant urges that the district court had no jurisdiction, pointing out that the price it had originally agreed to pay for the aluminum was 17¢ a pound and that, even assuming a conversion of 14,044 pounds, in no event could its value exceed $3,000. The defendant's position cannot be sustained. If there was a conversion, the controlling factor as to the damages would be the value of the aluminum at the date of the conversion. The original contract whereby defendant purchased the aluminum from plaintiff had been cancelled by mutual consent, and its terms were no longer binding. In its amended complaint plaintiff demanded judgment in the sum of $4,266.-10, which is based upon a claimed conversion of 14,364 pounds of aluminum valued at 29.7¢ a pound. The fact that the court determined that the amount of the judgment was to be less than $3,000 did not take away its jurisdiction. The sum demanded, and not the sum found to be due, is the amount in controversy for the purposes of jurisdiction, unless it clearly appears that the amount demanded is merely colorable. Operators' Piano Co. v. First Wisconsin Trust Co., 7 Cir., 283 F. 904. This court held in an action for conversion that jurisdiction is not lost by reason of the finding that the goods were worth less than the jurisdictional amount, where there is no reason to believe that the value was overstated in the complaint for purposes of conferring jurisdiction. Jones v. McCormick Harvesting Mach. Co., 82 F. 295. See also: St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845; Jones v. Drewry's Limited, U.S.A., Inc., 7 Cir., 149 F.2d 250.

Rule 56, F.R.C.P. provides that a summary judgment " * * * shall be rendered * * * if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages." It is apparent from the pleadings and extracts of the affidavits and exhibits hereinbefore set forth that genuine issues of material facts exist in the case at bar, and that a summary judgment should not have been entered. Certainly there is an issue as to the amount of damages, with plaintiff claiming the aluminum was worth 29.7¢ a pound, and defendant claiming it was sold for 10¢ a pound, and the court rendering judgment based on its evaluating the aluminum at 17¢ a pound. While the rule makes provision for an interlocutory judgment on the issue of liability alone, there was no attempt in this case to make use of that portion of the rule. There is also an issue of material fact on the condition of the aluminum. While plaintiff correctly argues that the contract price of 17¢ a pound is no longer binding as the contract was cancelled, yet the condition of the aluminum is an important element in the amount of damages. There is also an issue of a material fact whether defendant was authorized to use 320 pounds of aluminum for experimental purposes.

We are somewhat at a loss to understand under just what circumstances the judgment on the counterclaim was rendered. A motion for a summary judgment on the the counterclaim had not been made, and from the record the only matter before the court was the fixing of a date for trial. The order recites that the matter before the court was the defendant's motion for a stay of execution upon the judgment theretofore rendered in favor of plaintiff.

However, the defendant appealed not only from the original judgment, but the judgment entered on the 1st day of February, A.D.1949. The only action by the court on that date was the granting of a judgment on the counterclaim. We therefore, think that upon the trial which must be held all issues set forth, both in the amended complaint and in the counterclaim, may be considered and determined.

Judgments reversed and remanded for further proceedings not inconsistent with this opinion.