## JOHN MERSINGER

v.

## JOHN H. YAGER.

ASSIGNMENT.—The county court is by statute, in cases of assignment, invested with complete and full jurisdiction over the trust fund and the assignee, until the property is disposed of and the proceeds distributed to those entitled to share therein and has power to determine the priority of the liens of the several creditors.

APPEAL from the Circuit Court of Madison county; the Hon. WM. H. SNYDER, Judge, presiding. Opinion filed April 6, 1885.

Messrs. KROME & HADLEY, for appellant.

Mr. J. H. YAGER and Mr. A. NEUSTADT, for appellee.

PER CURIAM. If it be assumed that the stock of goods in the hands of the voluntary assignee was subject to the mortgage of Mersinger, yet by the assignment and under the provisions of the statute all the property of the assignor vested in such assignee, even if so subject to a lien. The supposed mortgage was for $3,300, and the goods were inventoried at some nineteen or twenty thousand dollars, and were sold by the assignee for $13,600. It would hardly have been consistent with the duty imposed on him, the assignee should have abandoned property of so considerable a value in satisfaction of a debt comparatively so small, without any attempt to dispose of it for a sum larger than the supposed mortgage debt, and so as to realize something for the creditors.

It was held, in the case of Freydendall v. Baldwin, 103 Ill. 325, that the county court is by the statute invested with complete and full jurisdiction over the trust fund and the assignee, until the property is disposed of and the proceeds distributed to those entitled to share therein, and has power to determine the priority of the liens of the several creditors.

It would seem that appellant, if he is entitled to relief, should make application to the county court. The property and fund involved is in the hands of the law and under the jurisdiction and supervision of the county court.

The judgment is affirmed.

Affirmed.