## C. D. MYERS
### v.
## WILLIAM DEERING ET AL.

*Action against Assignee—Jurisdiction of County Court, Exclusive.*

The Circuit Court is without jurisdiction of an action against an assignee, claiming under an assignment for money had and received, the jurisdiction of the County Court being exclusive.

[Opinion filed May 21, 1886.]

APPEAL from Circuit Court of McLean County; the Hon. O. T. REEVES, Judge, presiding.

Messrs. C. D. MYERS and T. F. TIPTON, for appellant.

. Messrs. KERRICK, LUCAS & SPENCER, for appellee.

We insist that Myers got no title to the accounts as assignee that he can set up against our right; that the money belongs to Deering under the commission contracts, and that Myers does not hold it in the capacity of an assignee, but simply as an individual who has received money to Deering's use.

An assignee for the benefit of creditors is a mere naked trustee. His appointment in no wise changes the effect of contracts made by the assignor. He takes no right the assignor did not have, and his appointment does not bar or take away any right a party may have against the assignor. He succeeds only to the rights of the assignor, and is affected by all the equities against him. Burrill on Assignments, Sec. 391 (4th Ed.) and cases cited; Eames v. Mayo, 6 Ill. App. 334.

The assignee took no title whatever to these accounts. They were not the property of Coale, and he could pass no title to them. They were the proceeds of the property of appellee. Myers, as an individual, holds money which in equity and good conscience belongs to Deering.

PLEASANTS, J. On trial by the court below without a jury, appellees recovered judgment for $418.62 as money had and received by appellant to their use.

They were engaged in the manufacture and sale of agricultural implements, extras, twine, etc., at Chicago, and Coale and White in the sale of like articles, on their own account and also on commission, at Bloomington.

In October, 1883, these parties entered into a written agreement whereby the latter were made agents of the former to sell their products on terms therein specified.

In November of the same year Coale and White, in writing, ordered of appellees a quantity of twine on conditions stated, a part of which was delivered in several shipments, with shipping bills referring to said agreement and order and containing other matter not necessary to be here set forth. After its receipt Coale bought out the interest of his partner, and later, having sold the twine in his own name, in the usual course of business, in lots to different parties, some for cash and some on credit, in July, 1884, made a general assignment for the benefit of his creditors, to appellant. Under this assignment appellant took the stock, notes, books, etc., in possession of Coale, and, on account of the twine so sold on credit, collected and still retains the money, for which, after demand therefor duly made of Coale and of him, appellees brought this suit.

They claim that the twine in question was held by Coale for them, to be sold by him as their agent and upon commission only, and so that the proceeds did not pass by the assignment. Appellant insists that Coale and White purchased it of them and upon its delivery became the absolute owners.

The controversy is upon the true construction of the papers mentioned, which are not herein more fully set forth because we are of opinion that as between these parties the Circuit Court had no power in the first instance to settle it. Since the money here sued for was actually in the hands of appellant, claiming under the assignment, the jurisdiction of the County Court under the statute had attached and is exclusive. Hanchett v. Waterbury, "Legal News," Vol. 17, p. 412; Freydendall v. Baldwin, 103 Ill. 325.

The judgment of the Circuit Court will therefore be reversed.

*Judgment reversed.*