GEORGE T. SMITH v. GEORGE S. HOSMER, CIRCUIT
JUDGE OF WAYNE COUNTY.

[See 80 Mich. 200.]

*Assignment for benefit of creditors—Jurisdiction—Contempt—
Mandamus.*

A complainant is guilty of contempt in filing a bill in a circuit
court other than that having jurisdiction of proceedings under
an assignment for the benefit of creditors, to enjoin a sale of
the assigned property on the ground of the invalidity of the
assignment, which question will not be tried on an application
for *mandamus* to vacate an order adjudging the complainant
guilty of such contempt.

*Mandamus.*　　Submitted February 3, 1891.　　Denied
February 13, 1891.

Relator applied for *mandamus* to compel respondent to
vacate an order adjudging him guilty of contempt. The
facts are stated in the opinion.

*Tarsney & Weadock,* for relator.

*E. F. Conely,* for respondent.

McGRATH, J. This is an application for a *mandamus*
to compel the respondent to vacate an order adjudging
the relator guilty of contempt.

It appears that in January, 1890, the George T. Smith
Middlings Purifier Company, a corporation doing business
at the city of Jackson, in the county of Jackson, made
an assignment under the statute; and that afterwards a
petition was filed by certain creditors, in the circuit
court for the county of Jackson, praying that the
assignees might be ordered to file a new inventory and

appraisal. Pending consideration of this petition, the assignment, the petition, and all matters connected therewith, were removed to the circuit court for the county of Wayne. The validity of such removal was before this Court, and this Court held that the circuit court for the county of Wayne had jurisdiction, and should proceed to exercise it. *Kittridge v. Circuit Judge*, 80 Mich. 200. The circuit court for the county of Wayne has ever since continued to exercise jurisdiction in the matter of the assignment, and divers and sundry proceedings have been had in the matter in said court. The assignees originally named were removed by said court, and Rufus H. Emerson and Zenas C. Eldred have been appointed receivers in their stead. Relator on January 25, 1890, filed his bill of complaint in the circuit court for the county of Jackson against the then assignees, praying for their removal, and that a receiver be appointed. The cause so commenced was removed to the Wayne circuit court. The assignees were removed, however, upon application made by creditors.

The receivers on January 10, 1891, filed a petition in said Wayne circuit court, setting forth the execution of the assignment aforesaid, by relator, as president of the George T. Smith Middlings Purifier Company; that a sale of certain of the real estate of the assignor, situate at Jackson, was fixed for and was had January 2, 1891; that the relator, in order to prevent persons from bidding at said sale, and to embarrass said receivers in the performance of their duties, on December 31, 1890, filed his bill in the circuit court for the county of Jackson, in chancery, against said receivers, without leave of said Wayne circuit court, setting forth that the said assignment and the subsequent appointment of said receivers were void; that said receivers threatened to sell said property, and that such sale would constitute a cloud upon

the title of said property; and praying that the receivers be perpetually enjoined from selling said property. The petition of the receivers further set forth that, upon the bill so filed as last aforesaid, subpœnas were issued, and on the same date were served upon said receivers; and they pray that relator may be enjoined from prosecuting said suit, and that he be punished for contempt for bringing said suit without leave of the Wayne circuit court. It further appears that, upon the filing of said petition, an order was made requiring the said George T. Smith to show cause why he should not be enjoined and punished; that an answer was filed by said George T. Smith, in which he set up that said assignment was a fraud upon him, but he did not deny, but substantially admitted, the allegations of said petition; that a hearing was had, whereupon said George T. Smith was adjudged guilty of contempt, ordered to pay a fine, and to discontinue said suit. It is this order which relator asks this Court to set aside, on the ground that the original assignment was void, as well as all proceedings under it.

In the case above cited, it was held that it was the intention of the Legislature to place assignments under the control of the court acquiring jurisdiction. Under the statute, a new and special jurisdiction is conferred upon the courts over the entire matter of such assignments, the exercise of which cannot be interfered with by process from other courts. It has been held that a court, in the exercise of the powers conferred by the statute, is in effect an insolvency court, and the same general principles applicable to such courts must be applied; that the assigning debtor, the assignee, and all other persons having an interest in or upon the estate, are subject alike to the judgment of that court. *Hanchett v. Waterbury,* 115 Ill. 220; *In re Mann,* 32 Minn. 60 (19 N. W. Rep. 347). Such courts have the powers of a court of

equity. *In re Nicholas*, 15 Hun, 317. Under the statute (section 8749), the circuit court in chancery of the proper county has supervisory control over all matters arising out of or under the assignment. The court of the proper county is the court having jurisdiction of the matter of such assignment. The receiver stands in the place of the assignee. *Barnum Wire & Iron Works v. Speed*, 59 Mich. 272.

The forum in which the relator must question the validity of the assignment, if at all, is the court having control and jurisdiction of said matter, and it would be contrary to every principle of law to permit him to attack it elsewhere; nor can the validity of the assignment be tried upon this application.

The *mandamus* must be denied, with costs.

The other Justices concurred.