ROBBINS, Appellant, vs. THE CITY OF FOND DU LAC, Respondent.

*May 4 — May 24, 1892.*

*Nuisance: Evidence.*

Findings of the trial court to the effect that a certain sewer had never been a nuisance, and that plaintiff had suffered no damage by reason of its construction and use, are *held* to be sustained by the evidence.

APPEAL from the Circuit Court for *Fond du Lac* County. The action is to recover damages for injuries to plaintiff and his property, alleged to have been caused by the construction and maintenance by the defendant city of a sewer in Forest street in said city, which discharges into the east branch of the Fond du Lac river, near the business office of the plaintiff. It is charged that the sewer at the point of discharge into the river emits offensive odors and gases, and is a nuisance to plaintiff and his property. In addition to damages, abatement of the alleged nuisance is demanded. The answer is a general denial, except as to the construction of the sewer by the city, and its use as such, which is admitted.

The action seems to have been regarded by the parties and the court as an equitable one, and was tried as such by

the court without objection. The trial resulted in findings that at no time since its construction has the sewer been a nuisance, and that plaintiff has sustained no damage by reason of its construction and use. Thereupon judgment was ordered and entered for defendant dismissing the complaint, and for costs. The plaintiff appeals from the judgment.

For the appellant the cause was submitted on the brief of *Edward S. Bragg.*

For the respondent there was a brief by *Edward W. Phelps,* attorney, and *Joseph W. Hiner,* of counsel, and oral argument by *Mr. Hiner.*

Lyon, C. J. This appeal presents for determination only the question whether the testimony sustains the findings of fact that the sewer complained of has never been a nuisance to plaintiff, and that he has sustained no damage by reason of its construction and use. An affirmative answer to this question must necessarily result in the affirmance of the judgment. A negative answer thereto must result in its reversal. Unless there is a clear and satisfactory preponderance of evidence against these findings,— that is to say, unless the evidence clearly and satisfactorily proves that the sewer as constructed and used was a nuisance to plaintiff, who sustained injury thereby,— such findings are supported by the proofs, and the judgment cannot properly be disturbed.

The testimony of plaintiff, and that of the witnesses produced by him, which tends to corroborate it, standing alone, is probably sufficient to prove the sewer a private nuisance and injury to plaintiff. Were there no other testimony, it might well be assumed that these facts were proved, and that the plaintiff is entitled to judgment. But there is conflicting testimony on the subject. Other witnesses, having good opportunities to know the effect of the

sewer, negative the proposition that the discharge therefrom fouls the air in the neighborhood of its mouth to any appreciable extent. Manifestly, the court gave the greater weight to their testimony. Besides, it appeared by the evidence that during a considerable portion of the year but little water — frequently none — flowed in such east branch; that the water stood therein in stagnant pools, and offensive odors were emitted therefrom, as well before as after the construction of the sewer in question. It was competent for the trial judge to determine that the effect of such testimony is to weaken the probative force of plaintiff's testimony, which attributes all or most of the noxious smells complained of to the sewer alone. A medical witness called by plaintiff quaintly said, "The river never has been particularly fragrant." Considering this element of doubt in the case, and giving to the testimony which tends to negative the claim that the discharge from the sewer is a nuisance to plaintiff, the weight which the trial judge might properly give it, and not overlooking the rule that positive testimony is more persuasive (other conditions being alike) than mere negative testimony on the same subject, we find ourselves unable to say that the findings are against the clear and satisfactory preponderance of testimony. Hence we cannot properly disturb the judgment. Further discussion of the testimony would be profitless. The case is one of a numerous class of cases which turn upon questions of fact alone, and in which there is a substantial conflict of testimony upon the controlling facts. In such cases the findings of fact by the trial court can seldom be disturbed. Certainly they cannot in this case.

*By the Court.*— The judgment of the circuit court is affirmed.