# CASES ARGUED AND DECIDED

——IN THE——

# SUPREME COURT OF MISSISSIPPI,

——AT THE——

## MARCH TERM, 1896.

WEIMER, WRIGHT & WATKINS *et al. v.* C. M. SCALES, RECEIVER.

1. ASSIGNMENT FOR CREDITORS. *Jurisdiction of chancery court. Assignee as receiver.* Code 1892, §§ 117, 118, 119.

   Under §§ 117, 118, 119, code 1892, which provide that, within twenty-four hours after taking possession, the assignee, in every general assignment for the benefit of creditors where the value of the assigned property exceeds $1,000, shall file his petition and bond in the chancery court, and, on the approval of the bond, shall be a receiver of the court, no jurisdiction over said property is acquired by said court until such petition is filed and bond approved, and, until then, creditors may attach the same in the hands of the assignee.

2. SAME. *Assignment filed for record.*

   The filing of a general assignment for creditors for record in the office of the clerk of the chancery court is not such a compliance by the assignee with §§ 117, 118, 119, code 1892, as will vest that court with jurisdiction over the assigned property.

3. SAME. *Rights of attaching creditors.*

   When the assignee in a general assignment has filed his petition, together with a duly approved bond, under §§ 117 and 118, code 1892, the jurisdiction of the chancery court attaches to the assigned property, and that court will draw to it the determination of all controversies in which liens thereon are asserted, including attachments levied thereon.

74 Miss.—1

FROM the chancery court of Noxubee county.

HON. T. B. GRAHAM, Chancellor.

N. Scales, who was doing a mercantile business at Macon, Miss., made a general assignment for his creditors, to C. M. Scales, assignee. The assignee took immediate possession of the property assigned and filed the deed of assignment for record in the chancery clerk's office, and began the preparation of his petition and bond as required by chapter 8 of the code of 1892. Before the petition and bond were filed, but after the deed of assignment had been filed for record, Weimer, Wright & Watkins sued out a writ of attachment and had it levied upon the stock of goods in the custody of the assignee. The assignee having filed his petition and bond, demanded possession of the goods, which was refused. The assignee then filed a petition to restrain the attaching creditors from further interference with said property, and to require the sheriff to release his levy. The petition set up the foregoing facts, which were admitted by the answers of the defendants. On the petition, the chancellor made an order restraining appellants from further interference with said property, and requiring appellants to appear before the chancellor in vacation, to show cause why said levies should not be released and they dealt with as for a contempt. The parties appeared before the chancellor, and the case was heard on an agreed state of facts, as above set out. On the hearing, the chancellor rendered an order peremptorily requiring appellants to release said goods, and restore the possession to the assignee. Weimer, Wright & Watkins thereupon appealed.

*Critz & Beckett & Jones*, for appellants.

Under the code of 1892, §§ 117, 118, the assignee is required to file his petition in the chancery court within twenty-four hours after taking possession. Upon the filing of the petition and the approval of the bond, "the assignee becomes receiver, and shall not be sued," etc. (§ 119). The assignee

is not required to wait twenty-four hours before filing his petition and bond, but may file them contemporaneously with the acceptance of the assignment (§ 117). He is not required to file the assignment at all, except as a part of his petition in the chancery court. He filed it, not in the chancery court, but for record, under §§ 2457 and 4226 of the code of 1892, to give notice to creditors and purchasers. There is nothing in the chapter on assignments which requires the assignment to be recorded. That is a matter entirely independent of the assignment law. The chancery court acquires no jurisdiction and has absolutely nothing to do with the matter till the petition is filed and bond approved by the clerk, and not till then does he become a receiver.

The claim that the receivership relates back to the date of the assignment cannot be sustained, for several reasons: (1) The assigneeship, when the petition and bond is filed, does not become merged in the receivership. *Shoe Co.* v. *Sykes*, 72 Miss., 404. (2) It is impossible to conceive of a receivership relating back to a time when there was no case pending, for it is of the essence of receivership that there shall be a case pending. He acts in aid of the court in a particular case and cannot exist without the case. (3) The language of the statute itself is that the assignee shall become a receiver ''on the filing of his petition and the approval of his bond'' (§ 119). (4) It would be unconstitutional to hold that it relates back. It would give the assignor and assignee twenty-four hours in which to remove or dispose of the property, with no power in any court on earth to interfere. It would amount to a stay law for that time. The bill of rights provided that ''all courts shall be open and every person . . . shall have remedy by due course of law, and right and justice shall be administered without sale, denial, or delay.'' Again, ''No person shall be debarred from prosecuting . . . any civil action for himself before any tribunal of this state.'' Const., art. 3, secs. 24, 25. A stay law which debars a man from the use of the courts is un-

constitutional. *Coffman* v. *Bank*, 40 Miss., 36. Where two courts have concurrent jurisdiction, the one which first gets the actual jurisdiction is entitled to the full and exclusive jurisdiction till the litigation is ended. *McPike* v. *Wells*, 54 Miss., 136. The question is perhaps more sharply defined in the United States court than others. In that court it is held that it is not a question of right or paramount lien, but a question of time, and the court which first gets the actual jurisdiction by a seizure of the property is entitled to retain it as to that property. *Wiswall* v. *Sampson*, 14 How., 61; *Smith* v. *McIver*, 9 Wheat., 532; *Hagan* v. *Lucas*, 10 Pet., 400; *Peck* v. *Jenness*, 7 How. (U. S.), 612; *Freeman* v. *Howe*, 24 How., 450. Prior liens are not displaced by the appointment of a receiver. High on Receivers, sec. 138.

The sheriff levied the attachments before the assignee filed the petition and bond. We wish to emphasize the word assignee, because the statute says the petition and bond is filed by "the assignee," not the receiver. So, up to that time, he is certainly not a receiver, but becomes so by that act. Code 1892, § 119. Up to that time he had not become an officer of court. To hold otherwise would present a remarkable incongruity. If the attachment is levied before the twenty-four hours expire, and the assignee does not give bond, the attachment is good, otherwise not. In other words, the assignee can play fast and loose with the attachment lien and the jurisdiction of the courts. If the assignee files his petition and bond after the levy, and before the expiration of the twenty-four hours, the sheriff is in contempt of court, but if the assignee does not file his petition and bond within that time, the sheriff is not only not in contempt, but has performed a praiseworthy act of duty. His guilt does not depend on what he does but what some one else does afterwards. Before the petition and bond is filed, the creditor cannot file the cross petition under § 121, for the cross petition implies that the petition has been filed. The creditor can, however, go into any court having

jurisdiction in an original suit.    71 Miss., 102.    If it is in the circuit court, the chancellor can either permit the suit to proceed to judgment and require the plaintiff to come into the chancery court for its satisfaction, or can require the plaintiff to come at once and enjoin him from proceeding in the circuit court.

It has been the common practice in cases of assignment in this state, since the case of *Bishop* v. *Rosenbaum*, 58 Miss., 84, for the assignee, or some of the nonattaching creditors, to file bills in the chancery court, and bring all the attaching creditors into that court, so that the whole matter, and all priorities, could be settled in the same suit.    We do not deny that the chancellor had power, on a proper petition by the assignee, to enjoin us from proceeding in the circuit court, and requiring us to come into the chancery court, and bring with us and set up whatever lien we had acquired, but we do deny his right to peremptorily order the sheriff to release his levy and thus destroy our lien altogether in this summary way.

*J. E. Rives*, for appellee.

The chancellor held that an attachment under the facts in this case, creates no lien upon the property superior to the rights of the assignee.    It was the evident intention of the legislature to give the chancery courts exclusive jurisdiction over the assignment and all the property assigned.    Code 1892, ch. 8, § 117, expressly states that assignments are "to be administered in chancery."    The next section provides that he shall give bond, and upon giving bond he becomes a receiver of the chancery court.    This is the case whether the assignment is void or not.    Creditors have their remedy by cross petition. Section 119 gives the assignee all the rights and privileges of other receivers in chancery.    It is contended that until he gives his bond and files his petition, he is not a receiver of the court. To uphold this contention would be putting it within the power of creditors to defeat the operation of the statute.    If one creditor has the right to say by his attachment that the circuit

court shall administer his claim, and levy upon a sufficient amount of property to cover it, why could not all the creditors do the same, and, if so, what other result 'could follow except that they would have the power to take the property out of the chancery court, in open defiance of the statute. Upon the assignee giving bond and filing his petition within the time allowed by statute, he becomes a receiver of the court, and his office as receiver dates back to the filing of the assignment for record. I have been unable to find any expression of opinion by this court upon the question at issue, but the decisions of other states uphold the ruling of the chancellor that the assignee becomes a receiver of court from the time the assignment was filed for record, upon his giving bond and filing his petition as required by law. In the state of Wisconsin, where the statute requires the assignee to give bond before taking possession, and is allowed twenty days to file an inventory, it was held that if the inventory is filed, as required, it relates back to the time when the assignment was executed, and forms part of it. That is, the rights of the parties are the same as if the inventory was filed at the time of the assignment. *Conlee Lumber Co.* v. *Ripon L. & M. Co.*, 66 Wis., 481; *Shakman* v. *Schleuter*, 77 Wis., 402; *Hanson* v. *Dunn*, 76 Wis., 455.

In the state of Arkansas, the statute requires that before the assignee shall have control of the property, he shall file his inventory and execute his bond; yet it has been held that title vests in the assignee upon delivery of the deed and before the filing the schedule and bond, even against execution creditors without registration. *Thatcher* v. *Franklin*, 37 Ark., 64; *Falconer* v. *Hunt*, 39 Ark., 68; *Wolf* v. *Gray*, 53 Ark., 75; *Raleigh* v. *Griffith*, 37 Ark., 150; *Rice* v. *Frazer*, 24 Fed. Rep., 460; *Aaronson* v. *Deutch*, *Ib.*, 465; *Bartlett* v. *Teak*, 1 McCrary, 176.

In New York and Missouri, see *Kilpatrick* v. *Dean*, 15 Daly, 182; *Hardcastle* v. *Fisher*, 24 Mo., 70; *Duval* v. *Raisin*, 7 *Ib.*,

449. *Schofield* v. *Folsom*, 38 Pac. Rep., 251, Annual Digest for 1895, a New Mexico case, directly in point.

Argued orally by *G. M. Jones*, for the appellants.

WOODS, J., delivered the opinion of the court.

Is an attachment maintainable in case of levy after the execution of an assignment but before the assignee has filed his petition and bond? Section 117, code of 1892, declares that the assignee "shall, before he enters upon the discharge of his duties, after taking possession, and within twenty-four hours thereafter, file a petition in the chancery court," etc., to which petition the assignor and all of his creditors must be made parties. Section 118 requires that bond must be filed with the petition, which is to be conditioned and approved as therein directed, and § 119 declares that, upon the filing of the petition and the approval of the bond, the assignee shall become a receiver of the court, and shall be entitled to all the rights and privileges and subject to all the duties and obligations of other receivers in equity, and "shall not be sued in any other court, save by permission of the court or chancellor, in vacation."

The code chapter on the subject of assignments has some peculiarities. The assignee is not made receiver from the date of the execution of the assignment. He becomes such officer of the chancery court only after he has filed his petition and bond and the latter has been approved. Thereafter he is entitled to the rights and privileges of a receiver, and may not be sued in any other court, save by permission of the court whose officer he has become, or that of the chancellor in vacation. Furthermore, there is no requirement that the assignment shall be filed as a step in the proceedings by which the chancery court acquires jurisdiction of the assigned estate, nor, indeed, that it shall be filed at all by the assignee. And again, the chapter, while committing the administration of the estate to the chancery court, nevertheless invites attack upon the assignment itself by creditors of the assignor.

Now, in the present case, before the assignee had filed his petition and bond, and before any step had been taken by him to give the chancery court jurisdiction (for the filing for record of the deed of assignment in the proper office was, as the transcript perfectly shows, done simply to comply with our registry laws), the appellants sued out their attachment writs and had the same properly levied upon parts of the assigned property. And this they had the right to do.    For, while the chancery court is clothed with the exclusive jurisdiction in cases of assignments, the jurisdiction had not been acquired when the attachment writs were levied.

But since the chancery court of Noxubee county has now acquired jurisdiction of the estate assigned, the fund must be administered under the direction of that court, and the decision of the questions involved in the attachment suits should be drawn to the court having jurisdiction in the administration of the estate.    The rights of the parties should be determined in the equity court.    The attachment suits should be drawn into that court, but the liens acquired, if any, by the levies of the attachments should be preserved and enforced.    See *Pollock* v. *Okolona Savings Institution*, 61 Miss., 293.

*Reversed and remanded.*