## George N. Brown v. James M. Stewart et al.

1. MARSHALING ASSETS—*Partnership Debts Used in Individual Liabilities of Partners—Application of Assets.*—The rule that individual debts owing by members of the firm should first be paid out of the individual property of the member before his estate can be subjected as a member of the firm to the payment of partnership debts, rests upon the equities of the partners and not upon the equities of the creditors.

2. VOLUNTARY ASSIGNMENTS—*Jurisdiction of County Courts.*—In cases of voluntary assignments for the benefit of creditors, the County Court is invested with exclusive jurisdiction to control, administer upon and distribute the trust estate, and to control the assignee in the discharge of his duties, and other courts have no power to interfere with the exercise of that jurisdiction.

Bill to Enforce a Lien upon certain funds. Trial in the Circuit Court of Fulton County; the Hon. OWEN P. THOMPSON, Judge, presiding. Decree dismissing the bill. Appeal by complainants. Heard in this court at the May term, 1898. Affirmed. Opinion filed October 5, 1898.

H. W. MASTERS and M. P. RICE, attorneys for appellant.

JOHN S. WINTER and HARRY M. WAGGONER, attorneys for appellees.

MR. JUSTICE GLENN delivered the opinion of the court.

In this case the appellant filed a bill in chancery against the appellees to enforce a lien he claims he had upon certain

funds in their hands, the proceeds of the sale of a farm con-
veyed by one Jacob Brown to appellees, who, he claims,
was his individual debtor in the sum of $4,600 at the time
of the conveyance. On the 6th day of January, 1894, the
firm of Turner, Phelps & Company, bankers, constituted
a partnership. Jacob Brown, who made the conveyance,
was one of the members. The banking firm made an assign-
ment for the benefit of their creditors under the assign-
ment act. Jacob Brown, the partner, owned a farm of 180
acres in his individual right and conveyed the same by quit-
claim deed on the 10th day of February, 1894, to appellees,
as an asset to pay the debts of the firm of Turner, Phelps
& Company. Jacob Brown died on the 1st day of July,
1894. · Appellant is a son of Jacob Brown, deceased. He
has probated his claim of $4,600 against his father's estate.
This proceeding is an effort on the part of appellant to sub-
ject the proceeds derived from the sale of the farm by the
assignees, to the payment of the judgment in the County
Court he holds against his father's estate.

The theory of appellant is, that in equity, his claim being
the individual indebtedness of Jacob Brown, should be held
to be a prior lien on the individual assets of Jacob Brown;
that is, it should be declared a prior lien to that of the part-
nership creditors. That rule can not apply in this case.
At the time Jacob Brown deeded this farm to appellees,
appellant had no lien on it. Jacob Brown could sell it in
payment of individual or partnership indebtedness as to
him seemed meet, and it would be of no concern to appel-
lant. The rule invoked by appellant rests upon the equities
of the partners, and not upon the equities of the creditors.
Hanford et al. v. Prouty et al., 133 Ill. 339; Levering v.
Brimmel, 45 N. E. Rep. 778.

If appellant is entitled to the relief he is asking he is not
asserting his rights in the proper jurisdiction. His appli-
cation should be made to the County Court in which the
insolvent proceeding is pending, and the insolvent estate is
being settled. He is insisting these funds in the possession
of the assignees belong to him. To furnish redress for such

grievances the legislature has given the County Court juris-diction.   In cases of voluntary assignments for the ben-efit of creditors, the County Court is invested with exclusive jurisdiction to control, administer upon and distribute the trust estate, and to control the assignee in the discharge of his duties, and other courts have no power to interfere with the exercise of that jurisdiction.   Clark v. Burke, 163 Ill.. 334; Hanchett v. Waterbury, 115 Ill. 220; Freydendall v. Baldwin, 103 Ill. 325; Mersinger v. Yager, 16 Ill. App. 260; Colby v. O'Donnell, 17 Ill. App. 473; Osborne v. Williams, 34 Ill. App. 423.

The decree of the Circuit Court is right, and will be affirmed.