STANTON TRUST & SAVINGS BANK, APPELLANT, *v.*
NORTHERN MONTANA ASSOCIATION OF CREDIT
MEN, ASSIGNEE, RESPONDENT.

(No. 5,948.)

(Submitted September 18, 1926.    Decided October 9, 1926.)

[250 Pac. 596.]

*Assignments for Benefit of Creditors—Establishment of Claim in County Other Than That in Which Assignment Made—Jurisdiction.*

> **1.** *Held,* that under sections 8612 to 8641, Revised Codes of 1921, whereby a complete procedure for the administration and settlement of estates assigned for the benefit of creditors is provided, the district court of the county in which an assignment is made has exclusive jurisdiction, both in cases at law and in equity. arising out of the assignment and relating to the distribution of the assets of the estate, and that therefore an action against an assignee to establish a claim against the estate in his charge in a county other than that in which the assignment proceedings were pending was properly dismissed for lack of jurisdiction.

[1]    Assignments for Benefit of Creditors, 5 C. J., sec. 16, p. 1047, n. 12, 15; sec. 322, p. 1211, n. 13, 14, 16; p. 1212, n. 30 New; sec. 359, p. 1233, n. 94; sec. 472, p. 1284, n. 16.

*Appeal from District Court, Cascade County; H. H. Ewing, Judge.*

---

See 2 R. C. L. 660, 666.

SUIT by the Stanton Trust & Savings Bank against the Northern Montana Association of Credit Men, as assignee for the benefit of creditors of the Valier Mercantile Company. From an order dismissing the suit, plaintiff appeals.    Affirmed.

*Mr. George H. Stanton* and *Messrs. Hartman & Ford,* for Appellant, submitted a brief; *Mr. Charles S. Hartman* argued the cause orally.

Citing: 5 C. J. 1912, 1232, 1233; *Powers* v. *Blue Grass B. & L. Assn.,* 86 Fed. 705; *Jones* v. *McCormick Machine Co.,* 82 Fed. 295, 27 C. C. A. 133; *Denston* v. *Perkins,* 2 Pick. (Mass.) 86; *Edwards* v. *Symons,* 65 Mich. 348, 32 N. W. 796; *Hall* v. *Peckham,* 8 R. I. 370; *Jones* v. *Kilbreth,* 49 Ohio St. 401, 31 N. E. 346; *Babcock* v. *Maxwell,* 21 Mont. 507, 54 Pac. 943; *Farrell* v. *Stoddard,* 1 Fed. (2d) 802; *Commonwealth* v. *Allen,* 240 Mass. 244, 133 N. E. 625; *Lyons* v. *Bank of Discount,* 154 Fed. 391; *Allen* v. *United States,* 285 Fed. 678; *In re Chetwood,* 165 U. S. 443, 41 L. Ed. 782, 17 Sup. Ct. Rep. 385 [see, also, Rose's U. S. Notes].

*Messrs. Murch & Wuerthner,* for Respondent, submitted a brief; *Mr. C. W. Murch* argued the cause orally.

After the recordation of the assignment, the jurisdiction of the district court of Pondera county immediately attached both as to the *res* and the assignee, and this jurisdiction is exclusive. (See 5 C. J. 1212, 1233, 1284; *State* v. *Musser,* 4 Ind. App. 407, 30 N. E. 944; *Smith* v. *Wayne, Circuit Judge,* 84 Mich. 564, 47 N. W. 1092; *Chapin* v. *Dodds,* 104 Mich. 232, 62 N. W. 351; *Weimer* v. *Scales,* 74 Miss. 1, 19 South. 588; *Myers* v. *Deering,* 21 Ill. App. 58; *Hill & Co.* v. *Cleary,* 134 Ill. App. 88; *Osborne* v. *Williams,* 34 Ill. App. 421; *Weir* v. *Mowe,* 182 Ill. 444, 55 N. E. 530; *Podolski* v. *Friedman,* 85 Ill. App. 284; *Brown* v. *Stewart,* 78 Ill. App. 387; *Sprinkle* v. *Wallace,* 28 Or. 198, 42 Pac. 487; *Parlin & Orendorff Co.* v. *Schram,* 4 Okl. 651, 46 Pac. 493.)

MR. JUSTICE MATTHEWS delivered the opinion of the court.

On October 26, 1925, plaintiff commenced an action in the district court of Cascade county to establish a claim against the estate of defendant's assignor.

It affirmatively appears that the Valier Mercantile Company, a business concern of Pondera county, made a valid assignment for the benefit of its creditors on November 21, 1921, naming the defendant as assignee; that the defendant accepted the trust, duly qualified, and for more than four years continued, and still continues, to conduct the business of the insolvent as a going concern; has declared and paid dividends and discharged all the duties pertaining to the trust. It further appears that the statutory notice to creditors was published in a local paper in Pondera county, and that the claim sued upon was not presented to the assignee until long after the time prescribed in the notice had expired. Plaintiff sought to avoid the effect of the delay in presentation of its claim by asserting that many of the creditors of the concern resided in Cascade county and that the publication of notice in a local paper, rather than in a Great Falls paper, was deliberate fraud perpetrated for the purpose of misleading plaintiff. It admitted that it knew of the assignment at all times and that from time to time its officers consulted with and advised the assignee as to the administration of the estate.

The defendant demurred to the complaint on several statutory grounds. The court, however, by order duly made, sustained the demurrer upon the sole ground of lack of jurisdiction of the action. Judgment of dismissal was entered on this order. Plaintiff has appealed from the judgment and assigns error upon the making of the order and the entry of judgment.

It will be seen from the foregoing brief statement that the assignment proceeding was conducted in Pondera county and in the district court of that county and was still in process of administration; that this suit is separate and apart from that

proceeding and instituted in a court other than that exercising jurisdiction over that proceeding; that it is an equitable action seeking to divert a substantial portion of the proceeds of the assets of the estate from the distribution which must be ordered by the district court of Pondera county.

Counsel for plaintiff assert that the district court of Cascade county has jurisdiction of such an equitable action, for the reasons (1) that, as the defendant was appointed by, and took possession of the assets under, the deed of assignment, antedating any action by the district court of Pondera county, it did not become an officer of the court and the assets came into the possession and remained in the custody of the assignee and are not in the custody of the law; (2) that the jurisdiction of the district court of Pondera county over the assets of the estate is but limited, regulatory, and advisory, and is not exclusive; (3) that an assignee may sue and be sued without the consent of the court having such jurisdiction over the assignment matter, and such action may therefore be brought in any court of the state.

1. The right of an insolvent debtor to assign for the benefit of his creditors existed at common law. (Bishop on Insolvent Debtors, 3d ed., 109.) While our legislative assembly has provided the manner in which assignments may be made and provided the machinery by which such estates may be administered and settled, those provisions merely regulate common-law assignments and are not considered as an abrogation of the common-law assignment. (*Babcock* v. *Maxwell,* 21 Mont. 507, 54 Pac. 943.) But where statutory regulation is had, the source from which the assignee secures his appointment is of little importance; the question as to whether the assets are to be considered as in the custody of the assignee or *in custodia legis* is to be determined mainly from the extent of the law's supervision and control over the assets; when the assignee is left in possession of his full common-law powers, the custody is considered in him; when the law leaves him little discretionary

power, the custody is considered as in the law. (2 R. C. L. 600, citing *Hamilton-Brown Shoe Co.* v. *Mercer*, 84 Iowa, 537, 35 Am. St. Rep. 331, 51 N. W. 415; *State* v. *Rose*, 4 N. D. 319, 58 N. W. 514; *McClure* v. *Campbell*, 71 Wis. 350, 5 Am. St. Rep. 220, 30 N. W. 343.) It is therefore apparent that assertion (1), above, is not controlling, and that the decisions of other states are of aid in determining the questions presented only when made upon statutes similar to our own.

2. Under the rules applicable to common-law assignments for the benefit of creditors, counsel's second contention is correct. Such an assignment created a trust, the power to compel the due observance and execution of which was peculiarly and exclusively of equitable cognizance, and this jurisdiction is not disturbed by statutory provisions which merely create and prescribe a new procedure for the administration and settlement of insolvent estates. In such cases the equitable dominion will continue, not as affording an exclusive, but a concurrent, remedy (*Sprinkle* v. *Wallace*, 28 Or. 198, 42 Pac. 487), or, as concisely stated in 1 Pomeroy's Equity Jurisprudence, 3d ed., sections 279 and 281: "Where the statute merely by affirmative words empowers a court of law to interfere in the case, and to grant a remedy, even though such remedy may be adequate, and even though it may be special and equitable in its nature, the previous jurisdiction of equity remains." (Sec. 279.) "On the other hand, the decisions all admit that if the statute contains words negatively or expressly taking away the previous equitable jurisdiction, or even if, upon a fair and reasonable interpretation, the whole scope of the statute shows, by necessary intendment, a clear legislative intention to abrogate such jurisdiction, then the former jurisdiction of equity is thereby ended." (Sec. 281.)

Counsel for plaintiff rely chiefly, as to both their first and second assertions, upon the federal cases of *Jones* v. *McCormick Machinery Co.*, 82 Fed. 295, 27 C. C. A. 133, and *Powers* v. *Blue Grass Building & Loan Assn.* (C. C.), 86 Fed. 705. The first of these cases was decided solely upon the authority of

*Matthews* v. *Ott,* 87 Wis. 399, 58 N. W. 744, which, the federal court declared, held that property in the hands of an assignee is not, under the Wisconsin statute, *in custodia legis.* The case cited does not bear out the statement. All that was held in *Matthews* v. *Ott* is that, where property of which the assignor was not the owner comes wrongfully into the hands of the assignee, it is not *in custodia legis,* and therefore the true owner may maintain an action in replevin for the recovery of his property.

In the *Powers Case* the court went to some length to explain that it was not encroaching upon the jurisdiction of the Kentucky court; that the action was commenced by nonresident creditors for the purpose of determining the validity of the assignment made before any steps had been taken by the assignee to invest the state court with jurisdiction. We find, further, that the Kentucky Statutes (Ky. Stats. 1894, Chap. 7) invests the "county court" with supervisory control over assignment proceedings, but expressly provides that "the provisions of this chapter shall not prevent actions to settle estates by the assignee, or by any creditor or creditors representing one-fourth of the liabilities, from being brought in the circuit court: Provided, that whenever a suit * * * be brought in the circuit court of the county in which the assignment is made, the jurisdiction of the county court shall cease," *etc.* (Section 96.)

These authorities are not, therefore, even persuasive. The interpretation of our own statutes, read in the light of the rules heretofore announced and of the rulings in those states having similar statutes, must control.

The subject of assignments for the benefit of creditors is [1] covered by Chapter 4 of Part VI of our Civil Code, and embraces sections 8612 to 8641, inclusive, Revised Codes of 1921. These provisions declare the manner in which an assignment may be made and require the assignor to record the instrument in the office of the clerk and recorder of the county

in which he resides, and to file therein an inventory of his assets and liabilities within twenty days after the assignment. If the assignor fails to file the inventory within time, the assignee is required to perform the duty within thirty days from the date of the assignment, and here, for the first time, the jurisdiction of the judiciary is invoked, for an inventory prepared by the assignee must be presented to the judge of the district court of the county for his approval, and the judge is given authority to grant the assignee additional time and to cite the assignor and others to appear before him and disclose facts necessary for the completion of the inventory. (Sec. 8626.) The judge must fix the amount of the assignee's bond (sec. 8630), and may, on his own motion or upon the application of a party in interest, require additional security whenever in his judgment the security afforded by the bond on file is not adequate (sec. 8636). It is the judge of such court who orders publication of notice to creditors, fixes the time within which claims may be presented, and designates the newspaper in which such notice shall be published (sec. 8632), and who may also require a ten days' written notice to be served upon all interested parties, of all proposed sales of property in bulk, of the filing of the final account of the assignee and of the hearing thereon, and of any proposed compromise with creditors (sec. 8633).

The district judge is required to remove the assignee if he fails to file an inventory as required, and is authorized to discharge and remove assignees on petition of parties in interest, for misconduct or incompetency, and, on petition of the assignee, for other reasons, and, on removal, to appoint a successor and require the outgoing assignee to turn all property over to such successor, and he may enjoin the deposed assignee from interfering with the administration of the estate and make provision for the safe custody of the property. He has authority to require the filing, from time to time, of supplemental inventories and schedules and to enforce obedience

to his orders (sec. 8631), and to require an assignee, after six months from the date of the assignment, on petition of any creditor, to account before the district court of the county in which the inventory is filed (sec. 8637). The assignee is required to file his final account at least ten days before hearing thereon (sec. 8634), which hearing is had before said court (sec. 8635).

The district court of the county in which the assignment is made has power to authorize the assignee to continue the assignor's business for a limited period when the interest of the estate will be served thereby; to reopen estates when it appears that they were closed before fully administered; to direct that, on final settlement, the assignee shall pay claims not presented, provided four months have not elapsed since the first publication of notice to creditors; to approve the final report; and to discharge the assignee and his surety from all further liability on matters included in his accounting, to creditors appearing and those not having appeared after due citation, or not having presented their claims after due advertisement. (Sec. 8635).

The Illinois Act (sec. 14, 1 Starr & Cur., Chap. 72, p. 1307) declares that an assignee must obey the orders of the county court, or the judge thereof when the court is not in session, in relation to the complete and final settlement and distribution and paying over the proceeds derived from his trust, until final settlement and distribution is made, and that "full authority and jurisdiction" is conferred upon the county court and the judge thereof to exercise and carry out the provisions of the Act.

Such a statute does no more than does our own, fixing, as it does, the duties of the assignee and the powers of the court and judge over him. The jurisdiction of the court gains nothing by the declaration that the court has "full authority" to act in the manner prescribed in the statute. The provisions quoted do not declare that the jurisdiction of the county court

shall be exclusive, but the supreme court of Illinois has repeatedly held that under those provisions the county court "is not, as seems to be assumed by counsel * * * a court of limited jurisdiction, but on the contrary, in such matters it is not only a court of general but of exclusive jurisdiction." (*Clark* v. *Burke*, 163 Ill. 334, 45 N. E. 235, citing *Freydendall* v. *Baldwin*, 103 Ill. 111, 325, and *Hanchett* v. *Waterbury*, 115 Ill. 220, 6 N. E. 23, 32 N. E. 194); that the court so vested with jurisdiction has the exclusive authority to control the assignee and the assets and to direct and compel the administration of the estate, its settlement and the distribution of the proceeds, and other courts have no power to interfere with the exercise of that jurisdiction. (*Brown* v. *Stewart*, 78 Ill. App. 387; *Myers* v. *Deering*, 21 Ill. App. 58; *Hill & Co.* v. *Cleary*, 134 Ill. App. 88.)

The Michigan statute (How. St. Mich., secs. 8739–8749) provides that "the circuit court in chancery of the proper county shall have supervisory power in all matters, questions and disputes arising under such assignments." Such power is held to vest exclusive jurisdiction in the courts named. (*Smith* v. *Wayne, Circuit Judge*, 84 Mich. 564, 47 N. W. 1092.)

The Oregon case of *Sprinkle* v. *Wallace*, above, construes statutory provisions similar to our own, with the exception that on settlement of the estate the court is given authority to discharge the assignor from further liability for pre-existing indebtedness. The supreme court of Oregon held that this latter clause rendered the law analogous to the bankruptcy law, and this fact, taken in connection with the regulatory features of the Act, rendered the jurisdiction of the court in question exclusive, but continued: "The courts of New Jersey, Wisconsin and Illinois, under Assignment Acts which contain no features whatever allying them to an insolvent or bankrupt law, have held that the statutory procedure is exclusive. (See *Hoagland* v. *See*, 40 N. J. Eq. 470, 3 Atl. 513; *Lawson* v. *Sta-*

77 Mont.—11

*cey,* 82 Wis. 303, 51 N. W. 961, 52 N. W. 306; *Freydendall* v. *Baldwin,* 103 Ill. 329.)''

In the case of *Parlin & Orendorff Co.* v. *Schram,* 4 Okl. 651, 45 Pac. 493, the statutory provisions under consideration were similar to our own. It was there held that the jurisdiction of the district court of the county wherein the assignment was made is exclusive, the court declaring that ''it is the purpose of the law to make assignments for the benefit of creditors wholly dependent upon the orders of the judge of the district court, and the trust assumed by the assignee can only be properly exercised when done in accordance with such orders.''

It would seem that, under the provisions of our Code above referred to, the district court of the county in which an assignment is made, or the judge thereof, is given ample authority to compel the due and faithful performance of every duty imposed upon the assignee by the statute and under the assignment, and for the protection of the creditors of the estate and for the final and just settlement of the estate and distribution of the proceeds. It seems further that the power of the judge and the court over the assignee and the assets is not merely advisory, but directory and mandatory; the court so clothed with authority is a court of general jurisdiction, both in cases at law and in equity, and has full power and authority to dispose of the subject matter of this action as well as of all questions or disputes which might arise in the course of administration.

It appears from a reading of the provisions of Chapter 4 above, that the statute, within itself, provides a complete procedure for the administration and settlement of assigned estates, and it seems to us clear that the necessary intendment of the legislature was to take away the ordinary equitable jurisdiction of the courts of the state touching the administration, settlement and distribution of such estates and to vest that jurisdiction exclusively in the district court of the county in which the assignment was made. To hold otherwise would

be to put such court in the anomalous position of withholding action until it had determined whether one, or any number, of the numerous courts of the state with concurrent jurisdiction, had theretofore overturned or supplanted its orders or declared the assignment under which it was proceeding invalid.

3. The final contention is that suits may be brought by or against the assignee without the consent of the court having jurisdiction over the assignment proceeding, and that, therefore, such actions may be commenced in any court of competent jurisdiction. In support of this contention counsel cite 5 C. J., sections 353 to 358, found on pages 1230 to 1233, dealing with actions which may be brought by and against the assignee, and cases cited thereunder, including *Babcock* v. *Maxwell,* above. The answer to this argument is found in the next succeeding section of the text (sec. 359, p. 1233) entitled ''Jurisdiction,'' to the effect that, where jurisdiction of the administration of an assigned estate is conferred on a certain court by statute, that jurisdiction is exclusive as to the actions enumerated; and in section 472, page 1284, where it is stated that—''It seems that jurisdiction of a suit against an assignee for a dividend generally belongs to the tribunal having jurisdiction of the settlement of the trust.''

Where the assignee has taken the statutory steps required to invest the local court with jurisdiction over the assigned estate, under statutory provisions which grant to that court exclusive jurisdiction over the administration of the estate, all questions affecting the assignment, the assets, the settlement, and distribution of the estate, must be presented to that court. (*Weimer* v. *Scales,* 74 Miss. 1, 19 South. 588; *Myers* v. *Deering,* above; *Parlin & Orendorff Co.* v. *Schram,* above.) Any other rule would result in the utmost confusion and uncertainty and hamper and impede the orderly and expeditious administration and settlement of such estates, and would be contrary to the clear legislative intention that such estates be closed as expeditiously as possible. (*State ex rel. Marhall-Wells Co.* v. *District Court,* 74 Mont. 34, 237 Pac. 523.)

In *Smith* v. *Wayne, Circuit Judge,* above, the supreme court of Michigan declared that the commencement of an action in a court other than that having jurisdiction of the assignment matter, tending to hamper and delay the due administration of the estate, and commenced with the intention to accomplish that result, was a contempt of the court in which the assignment proceeding was lodged.

The trial court did not err in sustaining the demurrer on the ground of lack of jurisdiction of the subject matter, and the judgment must therefore be affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY, ASSOCIATE JUSTICE STARK and HONORABLE THEODORE LENTZ, District Judge, sitting in place of MR. JUSTICE HOLLOWAY, disqualified, concur.

MR. JUSTICE GALEN not sitting.