In re Assignment of the HALVORSON MERCANTILE CO. MATHER, Appellant, v. NORTHERN MONTANA ASSOCIATION OF CREDIT MEN, Respondent.

(No. 8,201.)

(Submitted November 5, 1941.   Decided November 14, 1941.)

[118 Pac. (2d) 1047.]

*Mr. John G. Greene,* for Appellant, submitted an original and a reply brief, and argued the cause orally.

*Mr. J. Paul Freeman,* for Respondent, submitted an original and a supplemental brief, and argued the cause orally.

MR. JUSTICE ERICKSON delivered the opinion of the court.

This appeal is from a judgment of the district court of Glacier county rendered on an order to show cause issued by that court. On April 2, 1927, the Halvorson Mercantile Company, being in financial difficulties, made an assignment for the benefit of creditors. The Northern Montana Association of Credit Men was named assignee and proceeded to liquidate the assets of the mercantile company in accordance with the provisions of section 8624, Revised Codes, and filed an inventory of the assets with the district court. The assignee employed the petitioner, V. T. Mather, to liquidate the assets of the estate.

After the greater portion of the assets had been liquidated and disposed of, the assignee found that the remaining assets were of little value. Petitioner offered to buy them, and finally an agreement was reached whereby he agreed to pay the sum of $50 for them. During the negotiations leading to this sale petitioner prepared a list of what were thought to be the remaining assets. A petition was filed in 1930 in the district court by the assignee for permission to sell the assets, and at-

tached to the petition was the list prepared by the petitioner which purported to detail them. An order approving the sale was made and the sale was consummated. A month later the assignee petitioned the court for an order of discharge, reciting that there "were no assets remaining in the estate of any value," and the order of discharge was made. Some years later an asset not listed in the inventory, nor in the list of assets later sold to Mather, was discovered to have value. It was in the form of a receiver's certificate of the Farmers State Bank of Cut Bank, an insolvent bank, which at the time of the assignment was being administered by the State Bank Examiner, with its only remaining asset apparently some real property, and the claim was considered to have no value. Oil was discovered upon this property and as a result the claim is a valuable one. The Association petitioned the court in June, 1938, to reopen the matter, reciting that the claim in question had not been included in the assets theretofore administered, and upon this petition the court reopened the matter and appointed the Association as the assignee for a second time.

At this juncture, Mather filed a petition asking that the assignee be directed to turn over to him the claim against the Farmers State Bank. He contended that it was included in the contract between himself and the assignee made and approved by the court just prior to the discharge of the assignee. The lower court, after hearing on an order to show cause, entered judgment in favor of the assignee. The petitioner Mather appeals.

The petitioner correctly propounds the sole question to be determined by this court. It is: "Did the petitioner, Verne T. Mather, purchase only the notes and accounts receivable listed in the schedule attached to the assignee's petition for confirmation of sale, or did his contract of purchase of the remaining assets include the account of the Halvorson Mercantile Company in the closed Farmers State Bank of Cut Bank?"

In asserting that the claim against the bank was included, the petitioner relies upon the language of the petition of the

assignee to the court for approval of the sale, wherein it is said: "That your petitioner has likewise offered this [a certain oil and gas royalty not before us here] for sale and has received a bid in the sum of $50.00 for all unpaid notes and accounts receivable and said oil and gas royalty" etc. The petitioner also contends that the circumstances surrounding the negotiations show that both parties intended that the petitioner was buying all of the remaining assets. He erroneously contends that certain correspondence passing between himself and the chairman of the Association, constituted the contract of sale and that it clearly indicated that the parties contemplated that the sale was to include all of the assets known and unknown, listed and unlisted, of the mercantile company.

While the whole record, including the correspondence, cannot be said to support petitioner's position, there is no necessity for any detailed discussion of what the intention of the parties at the time of the sale was. One thing is clear, and that is that when the petition for the order of sale was made in the district court, the claim against the bank was not listed as an asset. Neither was it listed in the inventory of the estate of the mercantile company.

This case does not present an ordinary contract of sale wherein each party must be alone responsible for its acts, but we have rather an association acting in a fiduciary position for certain creditors under the control and direction of the court, as provided by statute. This fiduciary may not do the things which a person can ordinarily do if he is contracting for the sale of his own goods. The fiduciary, acting for the benefit of others, is made responsible to the district court for his acts, and the bounds of his activity are particularly restricted by statute (secs. 8612 to 8641, inclusive, Rev. Codes). We do not, therefore, apply the same rules as would apply to ordinary individuals.

In this case the proper procedure was followed—the court had the opportunity to, and did, approve the sale. Before approval, the court must investigate the propriety of the

sale in the light of whether or not it is for the best interests of the estate, and in so doing it goes without saying that it must have the details before it, i. e., what is to be sold and for how much. We cannot agree with appellant that the only purpose of listing served was to show, by example, that the assets were of little, if any, value. The court must consider each asset to be sold. It is a statutory safeguard for the protection of the creditors for whose benefit the assignment was made. See *Stanton Trust & Savings Bank* v. *Northern Association of Credit Men,* 77 Mont. 153, 250 Pac. 596, wherein it is said: "Where the assignee has taken the statutory steps required to invest the local court with jurisdiction over the assigned estate, *under statutory provisions which grant to that court exclusive jurisdiction over the administration of the estate, all questions affecting the assignment, the assets, the settlement, and distribution of the estate must be presented to that court."*

Since in this case the court was not advised of the existence of the claim involved, either by the original inventory or the petition, then its inclusion could not have been approved as part of the contract of sale. The lower court, therefore, was not in error.

The judgment is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ANGSTMAN, ANDERSON and MORRIS concur.