JOHN T. WILSON *et al.*

*v.*

V. I. AARON, Assignee.

*Filed at Ottawa March 29, 1890.*

1. INSOLVENT DEBTORS—*jurisdiction of county court.* Where a voluntary assignment of a debtor for the benefit of his creditors is properly executed, acknowledged, and recorded in the office of the county clerk, and the assignee accepts the trust, files his bond and an inventory of the property, and takes possession of the property and advertises it for sale, the county court will have acquired complete jurisdiction of the property and estate assigned.

2. And when a voluntary assignment is made under the statute of 1877, and the property assigned has passed into the possession of the assignee, such property is thereby brought within the jurisdiction and under the administrative control of the county court, and that court will be invested with ample power and jurisdiction, concurrent in dignity with that of any other court, to direct and control the disposition to be made of such property, and, in the exercise of such power, to adjudicate upon the conflicting legal rights of claimants of the same arising in that court.

3. SAME—*in case of levy of execution—after county court has acquired jurisdiction.* After the county court has acquired jurisdiction of the insolvent's estate under an assignment, the sheriff will have no right to levy an execution issued from another court upon it. If the assignment is void for fraud, or for any other cause, or a party has a prior lien on the property which he wishes to assert, it is his duty to go before the county court and there seek relief. In case of a levy on the property, that court may order the sheriff to return the property to the assignee.

4. SAME—*jurisdiction in chancery—for what purpose—and at what time.* What has been said in reference to the jurisdiction of the county court can have no bearing where a bill in equity is filed, in a proper case, to impeach or set aside a voluntary assignment, before the county court has acquired complete jurisdiction of the assignment.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Livingston county; the Hon. N. J. PILLSBURY, Judge, presiding.

This is an appeal from a judgment of the Appellate Court, affirming a judgment of the circuit court of Livingston county. The facts which led to the litigation, so far as they are material to a proper understanding of the case, are, in substance, as follows : On the 21st of February, 1888, Sylvanus Mitchell made a voluntary assignment of his property to V. I. Aaron, for the benefit of his creditors. The deed of assignment was duly acknowledged on the day it was executed, and recorded in the office of the county clerk of Livingston county on the 22d of February, 1888, where Mitchell resided. On the same day, the assignee filed in the county court an inventory of the insolvent's property, and went out to Mitchell's place, a mile and a half from Strawn, where Mitchell resided, where he examined the property and made an inventory of it. He then arranged with the assignor to take care of the property, and hold it for him until he could advertise and sell it. On the 24th day of February the assignee filed in the county court his bond, which was approved, and on the same day he published a notice in a newspaper that the assignment had been made, that he had qualified as assignee and taken possession of the property, and the creditors were requested to present their claims to him. After publishing this notice, the assignee advertised that he would, on March 8, sell the assigned property at the residence of Mitchell. A large number of sale bills were printed, and distributed in the neighborhood where the sale was advertised to take place. It also appears that Mitchell was indebted to J. E. Brown & Co. in the sum of $675.67, and also in the sum of $555, for which they held his two judgment notes. On the 22d day of February judgment was entered on the first of said notes, and on the 24th day of February judgment was entered on the other note. No steps were taken on these judgments until the 5th day of March, when executions were issued, placed in the hands of the sheriff, and levied on the property. On the 8th day of March, after the levy, the assignee presented a petition to the county court

asking for an order on the sheriff to return the property. Appellants appeared and answered the petition, in which they set up their claim to the property. They alleged that the assignee had never taken possession of the property, and that the assignment was fraudulent and void. The county court, on the hearing, ordered a return of the property to the assignee, and directed the assignee to sell the same. This order was affirmed in the circuit and Appellate courts.

Mr. C. C. STRAWN, for the appellants:

A general deed to an assignee, for the ostensible benefit of creditors, may be attacked for fraud, by creditors. *Powers* v. *Green,* 14 Ill. 386; *Wilson* v. *Pearson,* 20 id. 81; *Nimmo* v. *Kuykendall,* 85 id. 476.

The Statute of Frauds renders all deeds made to hinder, delay or defraud creditors, void, and applies to voluntary assignments. *Nellis* v. *Clark,* 4 Hill, 424; *Gould* v. *Steinberg,* 84 Ill. 170; *Rappleye* v. *Bank,* 93 id. 396; *McKinney* v. *Bank,* 104 id. 180; *Dunaway* v. *Robertson,* 95 id. 419.

The assignment was void, for the reason it was not recorded in the office of the recorder of deeds.

Messrs. MCILDUFF & TORRANCE, for the appellee:

If there was fraud, it was the duty of the creditor to apply to the county court for relief. *Freydendall* v. *Baldwin,* 130 Ill. 325.

To permit him to take the property from the assignee would be to defeat the statute. *Hanchett* v. *Waterbury,* 115 Ill. 220; *Farwell* v. *Crandall,* 120 id. 170.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

It will be observed that the assignment involved in this case was properly executed, acknowledged, and recorded in the office of the county clerk; that the assignee accepted the trust, filed a bond, which was approved by the county court, reduced

the property to possession, inventoried it, and advertised it for sale. Under the facts as stated, the first question presented is, whether, under the act of May 22, 1877,—an act concerning voluntary assignments,—the county court acquired jurisdiction over the insolvent estate. The question, as we understand it, has been fully settled by the former decisions of this court. *Freydendall* v. *Baldwin*, 103 Ill. 325, *Hanchett* v. *Waterbury*, 115 id. 220, and *Farwell* v. *Crandall*, 120 id. 70, are all cases in point. In the second case cited *supra*, in placing a construction on the statute, among other things it was said: "To give the statute practical effect in all its provisions, we feel constrained to hold, * * * that upon the making, filing and recording of the assignment, with the list and schedules annexed, the county court wherein such assignment is filed and recorded, in its character as an insolvent debtors' court, by operation of law, at once acquires jurisdiction over and becomes possessed of all the property and estate embraced within the assignment, subject, of course, to all prior liens and just claims that third parties may have to or upon it." In the present case, all that seems to be required by the decision in the case cited, was done to clothe the county court with full jurisdiction and control over the insolvent estate. The assignment was not only made with the list and schedules of the insolvent's property annexed, but the assignee had given bond which was approved by the county court. He had reduced the assigned property to possession, and had advertised it for sale. Indeed, when the property was levied upon by the sheriff under the executions, the assignee was in the full discharge of his duty as such.

In *Preston* v. *Spaulding*, 120 Ill. 232, in speaking of the cases cited *supra*, it is said: "These cases were intended to hold, and properly, that when a voluntary assignment is made, under the statute, and the property assigned has passed into the possession of the assignee, such property is thereby brought within the jurisdiction and under the administrative control of

16—132 ILL.

the county court, and that the county court is vested with ample power and jurisdiction, concurrent in dignity with any other court, to direct and control the disposition to be made of such property, under the statute, and in doing so, to adjudicate upon the conflicting legal rights of claimants therefor, arising in that court."

From what has been said in regard to the action taken by the assignee and the county court before the levy was made, under the former decisions of this court it is plain that the county court had full and complete jurisdiction and control over the property. The property was *in custodia legis*, and the sheriff had no right to levy upon it under executions issued from another court. If the assignment was fraudulent, and on that account void, or if it was void for any other reason, or if the judgment creditors had a prior lien on the property, it was their duty, if they desired to contest it, to go before the county court and ask for relief. (*Farwell* v. *Crandall, supra.*) Appellants had no right to embarrass the proceedings in the county court, and thus retard a speedy settlement of the insolvent estate by levying on the property under executions issued from another court. It will be observed that this is not a case where application has been made to a court of equity for relief, and what has been said in reference to the jurisdiction of the county court can have no bearing where a bill in equity may be filed, in a proper case, to impeach or set aside a voluntary assignment before the county court has acquired complete jurisdiction of the assignment.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*