## The T. E. Hill Company v. John L. Cleary et al.

### Gen. No. 13,449.

1. CORPORATION—*when bill to dissolve, does not.lie.* A bill does not lie under section 25 of the Corporation Act to dissolve a corporation for non-user, where it appears that the non-user resulted from the fact that possession of the corporate property had been taken under a pending involuntary bankruptcy proceeding.

2. ASSIGNMENTS—*jurisdiction of County Court with respect to.* The jurisdiction of the County Court with respect to assignments, is exclusive, and where a debtor makes an assignment for the benefit of his creditors, or for the benefit of a creditor, the right and power of the County Court to administer the same at once arises.

Bill to dissolve corporation, etc. Appeal from the Superior Court of Cook county; the Hon. WILLARD M. McEWEN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1906. Reversed. Opinion filed May 14, 1907.

DOLPH, BUELL & ABBEY, for appellant.

E. P. HARNEY, for appellees; JOHN S. STEVENS, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

This is an appeal from an interlocutory order of the Superior Court appointing a receiver for the property and effects of The T. E. Hill Company, appellant, a corporation for pecuniary profit organized under the laws of Illinois, with a capital of $50,000, for the purpose of carrying on the business of contractors, engineering and manufacturing and dealing in builders' supplies.

The bill was filed November 23, 1906, under section 25 of the General Incorporation Act, by appellees as contract creditors of appellant in behalf of themselves and all other creditors of the company who might join therein. It made the appellant company, its stockholders, William A. Bither, assignee of the company's property, and William A. Coleman, receiver in bankruptcy proceedings against the company, parties defendant.

The bill alleges that the company became financially embarrassed, and certain creditors filed an involuntary petition in bankruptcy against it in the Federal Court on September 21, 1905, and on that date William A. Coleman was appointed receiver for the property of the company by that court, and he qualified and took possession of the property of the company; that Coleman acted as such receiver from the date of his appointment until October 25, 1906, when the United States Court of Appeals affirmed the decision of the United States District Court, holding that the company was not amenable to the Bankruptcy Act and dismissed the petition.

The bill alleges that at the time the company ceased to do business as aforesaid, it was and still is indebted to divers persons in sums of money largely in excess of its assets; that its assets consist of machinery, tools, horses, wagons and other equipments and material for the construction of bridges and abutments, or the proceeds thereof, of the value of $10,000; that Coleman has in his possession as such receiver between $4,000 and $5,000 of the proceeds of the sale of a part of the property and the assets and property should be taken possession of by a receiver to be appointed by the court.

The bill alleges, upon information and belief, that in the course of business divers persons, firms and corporations became indebted to the company in large amounts which are still due and should be taken possession of by the receiver and applied to the payment of the debts of the company. The officers and stockholders with the number of shares held by each is then stated.

The bill further alleges that on February 13, 1906, while the bankruptcy proceedings were pending in the United States District Court, a deed of assignment was filed in the office of the recorder of deeds of Cook county, Illinois, purporting to assign and transfer all the property and effects of the company to one William A. Bither; that the deed of assignment and

all proceedings in the premises were wholly void; that the company owed debts in excess of $45,000; that its assets did not exceed in value $10,000; that the company is insolvent and has not for more than six months last past performed or attempted to perform any business of any kind, nature or description and has not attempted to exercise its corporate functions and has entirely abandoned its office, property, effects and business; that the president and secretary and treasurer are now and have been for several months last past engaged in contract work outside of the State of Illinois and in the State of Utah in their individual capacity; that the company has not in its employ any person, nor has it any known place of business; that by reason of the abandonment of the property of the company by its officers, the complainants are unable to state and do not know where the company may be found; that certain named subscribers to the capital stock of said company never paid the full amount of their subscriptions and are still indebted to the company in large sums of money, and that each of said subscribers should be compelled to pay to the receiver to be appointed by the court his *pro rata* share of the debts or liabilities, including the amounts due to the complainants to the extent of the unpaid portion of his stock, after exhausting the assets of the company.

The bill represents that the property of the company is in the hands of said Coleman, receiver, and that by reason of the decision of the United States Circuit Court of Appeals he is acting without warrant or authority of law; that as the property, assets and effects of the company have been abandoned as aforesaid, there is no one lawfully entitled to the possession thereof, and that unless a receiver is forthwith appointed without notice complainants fear the property may be lost to the estate and unaccounted for, to the irreparable loss of the complainants and others similarly situated.

The prayer is, among other things, that the company be dissolved and its affairs wound up; that a receiver of the company with the usual powers be appointed.

November 24, 1906, the court appointed Edward H. White receiver of the company without notice on giving a bond in the sum of $5,000, and without bond by the complainants, and the receiver qualified.

An amendment to the bill was filed January 18, 1907, giving the date of filing the deed of assignment in the office of the county clerk and recorder of deeds as February 13, 1906; and upon information and belief avers that no meeting of the board of directors of the company was called at any time prior to the making of the deed of assignment for the purpose of considering the making of the same; that the directors were not notified that such question would be considered or passed upon by the directors; that said pretended deed of assignment was not made or executed pursuant to any direction or authority of the board of directors, but was made wholly at the instance of the officers, and the execution and delivery thereof was not at any time thereafter ratified or approved or assented to by the board of directors; that the deed was not made in good faith, but was in fact made for the purpose and with the intention of hindering and delaying the creditors of the company in the collection of their debts; that it was the object and design of such of the directors as participated therein, together with the officers of the company who assumed to make said deed, and said assignee, to use said deed for the purpose of enabling the company to coerce its creditors to accept a compromise settlement of their debts against it for a sum less than the assets of said company would fairly pay, and through the device and by means of the deed to keep the company, pending such settlement or other arrangement, in a position to resume control of its property and continue its business. It is further averred that the company and the assignee have admitted that the deed was made for that purpose.

The receivership by an order entered January 18, 1907, was extended to the bill as amended.

The question presented by this appeal is, could a court of equity lawfully appoint a receiver and grant the relief prayed for upon this bill as amended?

It is conceded in argument that courts of chancery are without jurisdiction to decree the dissolution of corporations, except in so far as that jurisdiction is conferred by statute, and that if the Superior Court had jurisdiction to adjudicate upon the subject-matter of the bill and grant the relief prayed at the instance of the complainants as mere contract creditors of the corporation, that jurisdiction is conferred by section 25, chapter 32 of our statute and cannot be attributed to its general equity powers, sitting as a court of chancery.

That section of the statute provides: "If any corporation or its authorized agents shall do, or refrain from doing any act which shall subject it to a forfeiture of its charter or corporate powers, or shall allow any execution or decree of any court of record for a payment of money, after demand made by the officer, to be returned 'no property found,' or to remain unsatisfied for not less than ten days after such demand, or shall dissolve or cease doing business leaving debts unpaid, suits in equity may be brought," etc.

The bill in this case is based upon the clause, "shall dissolve or cease doing business leaving debts unpaid," and upon no other clause or provision of the statute. No attempt is made in the bill to lay any other ground of equity jurisdiction. What then are the averments in the bill showing that the appellant had ceased doing business leaving debts unpaid, at the time the bill was filed?

After showing the organization of the appellant, the bill sets up that appellant became financially embarrassed and that certain of its creditors filed a petition in bankruptcy in the United States District Court on September 21, 1905, and that upon the filing of the petition that court appointed a receiver of appellant's

property who qualified and took possession of all the property and assets of appellant, and continued to hold them until the bill was filed. There is no averment that at any time prior to the filing of the petition in bankruptcy appellant had ceased doing business leaving debts unpaid.

It appears from the bill that the United States District Court dismissed the petition in bankruptcy filed against appellant, and that the creditors prosecuted a writ of error to the United States Circuit Court of Appeals, which affirmed the order of the District Court dismissing the petition, on October 25, 1906.

From these averments of the bill it appears that the entire property and assets of appellant were in the possession and control of the Federal Court through its receiver during all the time that appellant had ceased doing business. The court may infer from these allegations that the receiver of the Federal Court took possession, upon his appointment, of all the property and effects of appellant wherever situated, whether in the office of appellant or its factory or yards, and that appellant and its officers were ousted of all possession and control, and that appellant had no office except that taken possession of and occupied by the receiver. It is also a matter of fair inference from the bill that during all the period the litigation in the Bankruptcy Court was pending, appellant was actively and successfully engaged in contesting the proceedings of the creditors and the appointment of the receiver, for this inference is not negatived by any averment of the bill. So far, therefore, was appellant from ceasing to do business, it clearly appears from the bill that appellant was actively attending to the most important and most vital business which it had in hand—the recovery of the possession and control of all its property and assets which had been wrongfully taken from it, by the action of its creditors and without which it could not prosecute its regular business.

The bill then alleges that at the time the company ceased to do business as aforesaid, it was and still is indebted to divers persons, etc. This averment refers to the bankruptcy proceedings and the ceasing to do business in consequence thereof.

The bill alleges that while the said proceedings to procure an adjudication of bankruptcy were pending against appellant, the deed of assignment was executed and filed, and that appellant had not for more than six months last past performed or attempted to perform any business of any kind, nature or description, or any corporate functions, and had entirely abandoned its office, property, assets and business. These averments again relate to the bankruptcy proceedings and must be construed in connection with the situation shown by the bill which legally resulted from the bankruptcy proceedings. The abandonment of its office, property and business was occasioned by and the legal result of the wrongful proceedings in bankruptcy against appellant which it resisted to the end, and not by any act of appellant or its officers.

We are of the opinion that the complainants cannot avail themselves of the necessary suspension of business caused by the proceedings to adjudicate appellant a bankrupt, and under the provisions of section 25 of the Corporation Act proceed in equity on that ground to have the corporation dissolved and its affairs wound up. The ceasing to do business set forth in the original bill was not within the meaning and intent of the statute. To so construe the statute that one set of creditors might institute proceedings in bankruptcy in the Federal Court against a corporation and by means of a receiver take possession of all its property and assets of every name and kind, and thus deprive it of all power to pursue its regular and usual business while the question of the right to an adjudication in bankruptcy is being determined in the District Court and on writ of error in the Circuit Court of Appeals, and then upon a dismissal of the proceedings by the court on final hearing another creditor or creditors

may make the consequent interruption of the regular business of the corporation the basis of a bill under section 25 of the General Corporation Act, to dissolve and wind up the corporation, would make that section of the statute a destructive rather than a remediable measure. It has never been so construed, and we cannot find in the terms of the section any legislative intention or purpose to place corporations so far in the power of their creditors that, though entirely solvent and having no judgments against them, they may be dissolved and their business affairs wound up under the circumstances, or similar circumstances, disclosed in this bill.

By the amendment to the bill the validity of the deed of assignment is attacked on the ground of want of authority in the officers of appellant to execute and deliver it, and upon the ground that it was executed by the company and received by the assignee with the fraudulent purpose of enabling appellant to coerce its creditors to accept a compromise settlement of their debts against it for a sum less than the assets of appellant would fairly pay.

We find it unnecessary to discuss the questions raised by the amendment to the bill further than to say:

First. As we have seen, the averments of the bill do not make a case of equitable jurisdiction under section 25 of the Corporation Act. The only question now before us is the power of the court to enter the order in question appointing a receiver. As said in The People v. Weigley, 155 Ill. 491, at page 502: "It is clear if the court was without jurisdiction to grant the ultimate relief prayed by the bill, it has no power to appoint the receiver and authorize him to assume possession and control of the corporation assets." The appointment of the receiver was a mere incident to the relief prayed.

Second. Those questions should be presented to the County Court. Wilson v. Aaron, 132 Ill. 238, 242.

The right of a debtor to make an assignment of his estate for the benefit of creditors existed at common law. The Voluntary Assignment Act controls the assignment and distribution of the estate to and among creditors, and confers upon County Courts original jurisdiction to administer and control the trust created by the deed of assignment. "And in proceedings under that act the jurisdiction of the County Court is exclusive, and after jurisdiction of the assigned estate has attached, no other court will interfere, except where the circumstances are such as to require the interposition of a court of equity to prevent an absolute failure of justice. Hanchett v. Waterbury, *supra;* Preston v. Spaulding, *supra;* Field v. Ridgley, 116 Ill. 424." Howe v. Warren, 154 Ill. 227, 244. See also Weir v. Mowe, 182 Ill. 444.

In our opinion the jurisdiction of the County Court had attached under the assignment. Lowe v. Matson, 140 Ill. 108.

We do not think the facts averred in the bill, as amended, require a court of equity to interpose to prevent a failure of justice.

The order of the Superior Court appointing a receiver is reversed.

*Reversed.*